2 U.S. 277 (____)
2 Dall. 277
M`CARTY
versus
EMLEN.
Supreme Court of United States.

On the 24th of January 1795, E. Tilghman & Wilcocks, for the defendant.
M`KEAN, Chief Justice.
The question in this cause, is  whether the debt due from Emlen to the late partnership of M`Carty & Cummings, has been secured by the foreign attachment, in favor of M`Carty's separate creditor, or can only be discharged by a payment to the surviving partner?
Two objections are urged against the claim under the attachment:  1st. That the present action was commenced by the surviving partner, before the attachment was laid; and a debt in suit is not attachable. 2d. That the attachment is brought to recover a debt due from M`Carty in his separate capacity; whereas the debt attached is due from the garnishee to the company of M`Carty & Cummings; and the partnership debts (which, it is said, are not yet settled) must first be paid out of the partnership funds.
But, it is to be observed on the first objection, that, although a debt in suit is not attachable in England, because the superior *278 Courts of that country, will not, in the plenitude of their authority, permit subjects depending before them, to be affected by the process of inferior tribunals, exercising a jurisdiction by special custom; yet, here the same cause does not operate; as the Supreme and County Courts have a co-ordinate, concurrent jurisdiction in other suits, as well as in cases of attachment; and, of course, the effect is not, necessarily the same. But, on general principles of justice and reason, it would be difficult to satisfy the mind, why money should not be attached in the hands of a debtor, as well after, as before, the person to whom it is due, has sued for it. If justice and reason are not opposed to it, public policy and convenience strongly recommend it. Many foreigners, resident abroad, enjoy an extensive credit from one class of citizens in this country, on account of the debts which are known to be due to them from another class; and if nothing more were necessary to shelter such foreigners from the effects of an attachment, than to bring suits against their debtors, it is obvious that the fund, which constitutes the principal security of the American Trader, might be easily and irretrievably withdrawn.
The Court are, therefore, unanimously of opinion, that the debt due from Emlen to M`Carty and Cummings, might lawfully be attached, notwithstanding the suit previously instituted by the surviving Partner to recover it.
On the second objection, it must be observed, as a general rule, that partnership effects are first to be appropriated to the payment of partnership debts: but this, like every other general rule, admits of exceptions; and it is hardly, indeed, susceptible of a strict application in any cases, but those of bankruptcy, insolvency, and execution. The consequence of its application to partnerships, would be highly injurious to trade, and embarrassing to justice. A partner may owe separate debts; and his property may consist of partnership stock; yet, if the objection prevails, it is impossible to conceive when the separate creditors will be able to make that property responsible. While the partnership continues, how shall they compel a disclosure and liquidation of all the debits and credits of the company? And even when a partnership is dissolved, where will separate creditors find the inclination, or the power, to scrutinize and close the records of a long and complicated mercantile connection? But the law is happily otherwise: For, it has been, repeatedly, settled here, as well as in England, that a Partner may be sued for separate debts; that the partnership effects may be taken in execution and sold by moieties; and that the purchaser of the moiety, under the execution, shall be considered as Tenant in common with the partner, owning the other moiety. The case in Doug. 650, is, in my judgment, conclusive upon this point.
*279 The result of the view, which I have taken upon the subject, is; that the Defendant in this action, is liable as Garnishee in the foreign attachment, to pay to the representative of John Pringle, one moiety (or whatever may have been M`Carty's partnership proportion) of the debt due to M`Carty and Cummings.
SHIPPEN, Justice.
I concur in the opinion, which has been delivered. The doctrine, that debts in suit cannot be attached, depends entirely upon the superior dignity of the Courts in England, before whom the suits must be instituted; but as the same kinds of process issue in Pennsylvania from both descriptions of courts, there is no dignity to be violated here, by allowing the attachment.
As to the claim on account of the partnership, it appears pregnant with the greatest inconveniences. An honest, separate, creditor, though he had obtained, by attachment, a fair and legal lien upon the debt, would thus be compelled to wait in suspence, during an indefinite period, for the settlement of every partnership account.
YEATES, Justice.
The act of assembly pursues, in general, the Custom of London, on the subject of foreign attachments: but the decisions that prevent the operation of attachments, in the case of debts in suit, are evidently founded on that jealousy of the superior Courts in England, for which, in this state, there exists no cause; since the process, for both kinds of suits, issues from both descriptions of courts. The preamble of the act, indeed, declares the propriety and the intention, to put the effects of absent debtors, and of debtors dwelling upon the spot, on an equal footing, for making restitution for debts, (1 Vol. Dall. Edit. p. 60.) but that intention would be easily frustrated, if every Foreigner, by instituting a suit, could furnish a bar to the attachment: Our courts would, in effect, be still open to non-residents, but shut against their creditors. Even, however, in England, while the superior courts refuse to give the effect described, to foreign attachments issuing from an inferior tribunal, they have exercised their own authority in a manner very similar to that which is now contemplated; by ordering the sheriff to retain in his hands, for the use of the plaintiff in one action, a sum of money which he had levied for the defendant at his suit, in another action. Doug, 219.
But, on the second objection, I have the misfortune to differ from the opinion entertained by my brethren: For, I think, it has been long and clearly settled, upon principles of natural justice, and commercial convenience, that joint effects shall first be applied to the payment of joint debts; and that the separate creditor of a partner shall not be let in to a share of the partnership property, 'till the whole of the partnership debts are satisfied. 2 Vern. 293, 706. 1 Vez. 242, 497. Cowp. 449. 1 P. *280 Wm. 183. It is only a moiety, therefore, of the surplus of the joint stock of M`Carty & Cummings, after paying every lawful claim against the company, that can, in my opinion, be liable to the attachment instituted by Pringle's administratrix against M`Carty, to recover a separate debt.
SMITH, Justice.
As I agree with the Chief Justice, in every point of his opinion, for the reasons which he has assigned, it would be superfluous to express more than a general concurrence in the judgment of the Court.
BY THE COURT: Let one moiety of the money attached be paid by the garnishee, to the administratrix of John Pringle; and let the other moiety be paid to the plaintiff in this action.