[ PHILADELPHIA, JANUARY 11TH, 1840. ]

## MORGAN *against* WATMOUGH.

1. Partnership effects are liable to be attached by process of foreign attachment, in a suit brought against one of the partners to recover a private debt due by him.
2. On such process the sheriff must seize all the goods, and take them into his possession, if they are susceptible of seizure or manual occupation.

THIS was an action of trover brought by William B. Morgan against John G. Watmough, Esq., high sheriff of the city and county of Philadelphia, to recover certain goods alleged in the declaration to be the property of the plaintiff. The writ issued on the 13th of June, 1837.

On the trial before SERGEANT, J., at a Court of Nisi Prius, held in Philadelphia, on the 9th of March, 1838, the plaintiff proved that he purchased in the name of Parker and Morgan the articles mentioned in the declaration; that for some of them the notes of Parker and Morgan were given: and he admitted that they were the property of that firm.

He also proved that these goods were taken down and laid upon a wharf on the river Delaware, to be shipped in a vessel there lying, to Parker and Morgan, at Port Deposite, in Maryland; and that while lying there they were attached by the defendant, and carried to an auction store, where they remained twelve days, and were then restored to the plaintiff.

The defendant produced a writ of foreign attachment, issued by the District Court, in the case of *Boyd, Cummings & Good* v. *William Parker and L. Blake*, trading as Parker & Blake, to June term, 1837, No. 591; on which the following return was endorsed,—"attached the interest of the defendants and of either of them," in the goods in question. He also showed by an exemplification of the record in that suit, that the attachment was dissolved on the 14th of June, 1837, by the entry of special bail, and that on that day the goods were all returned to Mr. Morgan.

(Morgan *v*. Watmough.)

There was no allegation of any improper conduct in the officer, nor was there any proof that the plaintiff suffered injury beyond what was occasioned by the detention of his goods for twelve days; or that he was subjected to any expense whatever. The record also showed a judgment against Parker and Blake for the debt, to recover which the foreign attachment issued.

The learned judge directed a verdict for the plaintiff, reserving the points of law for the consideration of the Court in banc; and the jury found accordingly for the plaintiff.

A motion having been made to enter judgment for the defendant *non obstante veredicto ;*

Mr. *Holcomb*, in support of the motion, argued that the goods of a partner were liable to attachment and execution for his individual debt; that as the sheriff had no means of ascertaining the amount of his interest in the partnership effects, he was bound to levy upon and attach the whole; and that where actual possession was necessary, the sheriff was bound to remove.

He cited the following cases.   *M'Carty* v. *Emlen*, (2 *Dall*. 277 ; S. C. 2 *Yeates*, 190.)   *Bank of North America* v. *M'Call*, (3 *Binn*. 338 ; 4 *Binn*. 371.)   *Wallace* v. *Patterson*, (2 *Harr. & M'Hen*. 463.)   *Tyler* v. *Duke of Leeds*, (2 *Starkie N. P*. 218 ; S. C. 3 *Eng. Com. Law Rep*. 322.)   *The King* v. *Rock*, (2 *Price*, 198.)   *Knox* v. *Summers*, (4 *Yeates*, 477.)   1 *Salkeld*, 392.   *Cary on Partnership*, 151.

Mr. *Perkins*, contra.—Partnership goods cannot be attached by process of foreign attachment against one of the partners for his individual debt. *Church* v. *Knox*, (2 *Conn. Rep*. 514.)   *Robbins et al*. v. *Cooper et al*. (6 *Johns. Ch. Rep*. 186.)   *Pierce* v. *Jackson*, (6 *Massachusetts Reports*, 242 ;) and *Fisk et al*. v. *Herrick*, (*Id*. 271,) *Upham et al*. v. *Naylor et al*. (9 *Mass. Rep*. 490.)   *Wilson & Gibbs* v. *Conine*, (2 *Johns. Rep*. 280,) was a case of trover for goods taken on an execution against Gibbs alone.   *M'Comb* v. *Dunck, Ex. of Hudson*, 2 *Dall*. 73.   *Case of Smith*, (16 *Johns. Rep*. 102,) an absconding debtor. Smith was a partner of one Soulden. On an attachment against Smith for a debt due by him, the sheriff took the goods of Smith and Soulden; and it was held that he could not seize the partnership effects.—*Barker* v. *Goodair*, (11 *Vesey*, 78, 85.) Partnership goods were taken on foreign attachment, for a debt of one of the partners; the garnishee filed a bill to restrain the proceedings on the attachment, and Lord ELDON held that the proceedings were to be restrained.   *Brewster* v. *Hammet*, (4 *Conn. Reps*. 540.)   *Barber* v. *Hertford Bank*, (9 *Conn. Rep*. 407.)   *Wister* v. *Richards*, (10 *Conn. Rep*. 37.)   *Haddock* v. *Wilmarth*, (5 *N. Hamp. Rep*. 189.)   *Commercial Bank* v. *Wilkins*, (9 *Greenl. Rep*. 34.)—If the partnership goods were liable to attachment for the individual

(Morgan *v.* Watmough.)

debt of one of the partners, the sheriff can attach only the interest. of that partner, and cannot take exclusive possession of the goods, and remove them from the possession of the other partner. *Purd. Dig.* 46, act 13th June, 1836, sections 48 and 51, prescribes the mode of executing the writ. *Sergeant on Attachment*, 13 pl. 2, and 15 pl. 3. Even on an execution against one of several partners, the sheriff sells, not the chattels of the partnership, but the interest of the partner. *Doner et al.* v. *Stauffer et al.* (1 *Penn. Rep.* 198;) per GIBSON, C. J. 204. The other reasons have not been much insisted on; but the authorities are express, that one partner may bring trover against a stranger, and he can only take advantage of it by plea in abatement, and cannot give it in evidence under the general issue. 1 *Saunders*, 291, g, h. 2 *Saunders*, 482. *Melthorpe* v. *Dorrington*, (2 *Lev.* 113.) *Brown* v. *Hedges*, (1 *Salk.* 290.) *Bul. N. P.* 35. *Wheelwright* v. *Depeyster*, (1 *Johns. Rep.* 472.)

The opinion of the Court was delivered by

SERGEANT, J.—It cannot now be questioned that partnership effects are liable to be attached in a suit brought against one of the partners to recover a private debt due by him. That point was deliberately considered by the Supreme Court in *M'Carty* v. *Emlen*, (2 *Dall.* 277,) and was decided by a majority of the Court. The practice has always since been in consonance with this decision, and the reasoning of Chief Justice M'KEAN is conclusive as to the justice and propriety of the principle.

The only question that remains open for examination is, whether the sheriff is bound to seize the goods when they are capable of seizure, or can only serve the garnishee with a copy of the writ, as is the practice in the case of the attachment of a debt due by the garnishee to the defendant. And we are of opinion that the sheriff is bound to seize the goods in this as in other cases. The act of assembly of the 13th of June, 1836, sec. 48, directs, that "in the case of personal property, the attachment shall be executed as follows, to wit: the officer to whom such writ shall be directed, shall go to the person in whose hands or possession the defendant's goods or effects are supposed to be, and then and there declare, in the presence of one or more credible persons of the neighbourhood, that he attaches the said goods or effects;" and by sec. 50, "the goods or effects of the defendant in the attachment in the hands of the garnishee, shall, after such service, *be bound by such writ,* and be in the officer's power, *and if susceptible of seizure or manual occupation,* the officer *proceed to serve the same* to answer and abide the judgment of the Court in that case, unless the person having the possession thereof will give security therefor." These goods were susceptible of seizure—they were seen by the officer— he was directed by his writ to attach them—and in taking them

into his actual possession, until security was given, he did but comply with the positive directions of the act. The cases referred to, in other states, have gone upon their peculiar statutes, which make their process of attachment against absent or absconding debtors to be in nature of an execution: whereas our process of foreign attachment is not in nature of an execution, but is a process to compel an appearance ; and on the answers to interrogatories by the garnishee, and the evidence in the *scire facias* against him, the interest of the defendant in the goods may be made to appear, and the execution would then follow accordingly.

J.udgment for the defendant *non obstante veredicto*.