# Tams *against* Wardle.

The plaintiff may issue an attachment of execution, notwithstanding an *alias fieri facias* is pending on which no levy has been made.    .    .

THE plaintiff, William Tams, recovered judgment in this court on a *scire facias* against the defendant, Thomas Wardle, at June term 1842, for $3889.82, and issued a *fieri facias* to December 1842, which was returned levied, and the sheriff sold personal property to the amount of $1686.69.   An *alias fieri facias* was then issued to March term 1843, which had not been returned. At the same time the plaintiff issued an attachment of execution, which was levied on alleged debts due by various persons to the defendant, and a rule was obtained on behalf of the defendant to quash the attachment of execution.

[Tams v. Wardle.]

*Tarr,* in support of the motion, contended that the *fieri facias* and the attachment could not both be issued.

*Troubat,* contra, cited *Davies* v. *Scott,* (2 *Miles* 52).

PER CURIAM.—The plaintiff can only have one satisfaction, and is entitled to all process necessary to obtain that. The mere issuing of an attachment is not itself so inconsistent with a *fieri facias,* on which no levy appears to have been made, as to be improper. Perhaps no levy in fact has been made on the *alias fieri facias,* or if there has, yet the property was subject to prior levies, or for other reasons it may not yield the plaintiff's debt. In that case it would be unjust to tie his hands, and leave other creditors to intervene. If any circumstance exists entitling the defendant to relief, it must be shown. But as the case is, there is no ground for the motion.

Rule discharged.