Curia, per

O’Neall, J.
In thesé'cases, before delivering the judgment of the Court, it is best to present plainly the situation of the attachments arising from the returns of the garnishees; In both cases the Rail Road Company are parties, and state the recovery on the covenant in the United States Court, by Letson, of $18,142 23, of which they allege, however, only the sum of $491 25 is due, and that they oWe him nothing else, and have no other property, ifec; of the said Thomas W. Letson than as above mentioned, Messrs. Pettigru and Lesesne were also summoned as garnishees, and in both cases they state the recovery of the judgment in the United States Court against the Rail Road Company, in which they were Letson’s attornies: they deny that they owe him any thing, but assert they are his creditors; In Yoorhis’s Case, which Was subsequent to Burrill’s, they state that they have prosecuted another action against the Rail Road Company in this court, (the court of Common Pleas for Charleston District,) where the same is still pending.
The question is upon these facts: Whether there is any thing well attached 1 To begin first with the case in the court of Common Pleas for Charleston District. It may be conceded for the purposes of this case, that if the suit in it had been on any security for the payment of money, that the security might have been seized by serving the attorney; But when it is Upon a mere claimffor damages, as for Supposed extra Work, as we understand Letson’s pending case to be, it is neither money, nor debt, nor book account; and hence cannot be attached. It is altogether of too uncertain a character. But in the consideration of *389 the validity of the attachment as to the recovery in the United States court, the doctrine applicable to both cases will be more fully considered. I therefore proceed to that branch of the case. The Attachment Act, 3 Stat. 617, authorizes the attaching of the monies, goods, chattels, debts, and books of account, of an absent debtor, in the hands, power, or possession of any person. Let us first take the statute, and ascertain from it what was the sense in which the Legislature used the words, monies and debts ; for, if we can ascertain that, then we shall be able at once to say whether the attachment can be supported. The Attachment Act was no doubt founded on the custom of London, and its words may, when there is doubt, be construed by it. It is laid down as settled law in Com. Dig. Tit. Attachment, D, that a debt due upon record by recovery, or otherwise, cannot be attached, nor money levied in execution by the sheriff, upon a fi.fa. So it is said there cannot be an attachment for a debt after a suit commenced for it, in B. R. or C. B., or in other superior courts. Looking to these expositions of the custom of London, as giving the true meaning of the words used in our Act, then there would be no difficulty in saying that there is nothing on which the attachment can rest. But it. is said that the reason of this was because the attachment proceeded out of an inferior court, (the mayor’s or sheriff’s) and that, as in this State, it proceeds from the superior court, the Common Pleas, there can be no impropriety in attaching a debt, or monies, in other superior courts, and especially in the same court. There is great force in this view, but we have in many respects already conformed to the custom of London, as that money collected bn a fi. fa, or a fund in equity, could not be attached. The plaintiff’s view has the countenance of very respectable authority, the court of Pennsylvania, headed by C. J. McKean, in McCarty vs. Emlen, 2 Dall. 277; yet their previous case of Ross vs. Clarke, 1 Dall. 354, in which the same reason was urged to the court, why money in the hands of the Prothonotory should be held liable to attachment, decided that it could not be attached. The two cases are certainly inconsistent, and that diminishes much the force of the authority of the case of McCarty vs. Emlen. The case of McBride vs. *390 Floyd, 2 Bail. 209, is supposed to furnish an instance in this State, where a debt in suit was attached. But it will be remarked that in that case the attachment was served on the attorney before suit brought, and that no objection was made to the validity of the seizure on account of the debt being in suit. Still, I have no doubt, as I have already intimated, that a security for the payment of money, a bond, or note in suit, may, under the words of our Act, be attached.
Having looked to the custom of London for the meaning of the words used, monies and debts, so far as they may be qualified by a recovery, money collected under fi.fa, or suit brought, I turn to our Act, and have no hesitation in saying that its wmrds can admit of no doubt, construed by themselves, and that it requires the aid of the custom of London to extend their meaning.
The words, monies, debts, or books of account, standing alone, would perhaps cover all sorts of debts. But on reading a statute, we are to take all its parts together, to arrive at the meaning of the words used. In the 3d section it is provided that “the monies, goods, chattels, debts, and books of account, attached as aforesaid, shall, on filing the declaration as aforesaid, be immediately paid and delivered into the hands of the plaintiff.” Now, what is to be paid'? Clearly, the money attached. What is to be delivered % The goods, chattels, debts, and books of account, is the answer. To be delivered, the debts must be something more than a mere right of action. That would be incapable of delivery. This construction is strengthened by the 4th section, in which it is provided that “ the plaintiff in the attachment into whose hands any bonds, notes, or books of account shall be delivered, as aforesaid, shall have full power and authority to sue for, recover, and receive the same,” &c. This makes plain in what sense the term debts was used; it clearly, if we had nothing but the Act to guide us, would mean debts due by bonds, notes, and book account: and to make them liable, it is plain they must themselves be attached, so that they can be delivered to the plaintiff. The mere service of the debtor would not be an attachment of the security, and hence not of the debt. But the custom of London does authorize the sum *391 moning of any debtor of the absent debtor, “ and if he does not deny himself to be indebted,” the debt shall be attached in his hands.. And in this State, the practice of attaching whenever a sum certain is due by the garnishee to the absent debtor, not evidenced by bond or note, by summoning the debtor, is too inveterate to be now shaken, and as it has the sanction of the custom of London, it ought not to be interfered with. This, however, is giving a very enlarged sense to the words of our Act, and certainly does not authorize us by construction to say that they are to mean more than the custom of London. In any view, the recovery in the United States court, as well as the pending suit in the circuit court of this State, are not the subject of attachment. The former would, if the attachment were sustained, lead to a conflict of jurisdiction, which is always to be avoided. But the rule in our court, as stated in Young vs. Young, 2 Hill’s Rep. 426, shews that whenever the fund is in another court, an attachment will not lie. So our late case, decided last court, in Columbia, ruled that money collected by the sheriff was to be regarded as in custody of the law, and not the subject of attachment.. That would be enough, when properly followed out, to show that the attachment here could not affect the recovery in the United States court, nor the pending suit in our own court; for a recovery ascertains the plaintiff’s cause of action, and authorizes him to collect whatever sum may be ascertained, by Fieri Facias. In the one case that is to have effect by the agency of the marshal, and in the other by the sheriff. If, when the money be collected under fi. fa. it is not the subject of attachment, it would seem to be tolerably plain that the reversal of that principle could hardly be obtained by seizing the case, (if such a thing was possible,) before or after judgment. The only case where an attachment might have effect after suit, is that to which I have alluded, where the evidence of the debts is bonds, notes, or books of account, might be seized, and their seizure would operate as a transfer or assignment to the plaintiff, authorizing him to collect them by legal process in the name of the absent debtor, and when collected, to receive the proceeds.
*392 But it was argued on the part of the plaintiff, that the defendant could not make the objection which I have been considering, inasmuch as he was not entitled to appearand plead without putting in special bail. To dissolve the attachment, and turn the proceeding in rem into a personal action, and give the defendant a right to appear and plead, he must put in special bail. But that is when something is attached, and by his money, goods, chattels, debts, books of account, lands, leasehold estates, and chattels real, the owner is a party. But when nothing is legally attached, it is as if no service binding the party was made. It is like serving defendant by copy left at a place not his residence, or out of the sheriff’s district, or serving a militia man on parade or attending muster, with a copy writ. In all these cases the service is void, and will be set aside on motion. So here the service is void; it supposed that the defendant’s claims against the Bail Road Company were properly seized, when in law neither the one nor the other were liable to levy. The motion on the part of the defendant to reverse the judgment below, is granted, and the attachments are discharged. The plaintiff’s motion is dismissed.
RvAits, Butter, Wardeaw and Frost, JJ. concurred.