a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
JUDGMENT, November term, 1846. Fi. fa. issued May 5, 1847, for $265 62, "levied on goods, c, per inventory and appraisement."
On affidavit filed January 2, 1847, that a sum exceeding $50 was due from Harvey Belcher, a non-resident, to Wm. Amor, a foreign attachment was issued to May term, 1847, and laid in the hands of the defendant, Adam Grubb, on the same day. The garnishee appeared May 13, 1847, and answered, that at the time of attachment laid, he was indebted to Harvey Belcher for a judgment obtained against him at suit of said H. B., at the last November term; amount to be ascertained by the prothonotary, and which amount was ascertained on the 5th of May, 1847, to be $265 62, debt and interest, on which an execution fi. fa. issued the same day, and was levied on the garnishee's goods, c, to the amount; but said goods have not been sold, and said amount is still (otherwise) due and unpaid. After this answer was made,Patterson, for the defendant in this execution, *Page 462 
obtained a rule to show cause why this fi. fa. and levy should not be set aside.
Wales, showed for cause, that a debt due by judgment on which a fi. fa. has issued, could not be attached. After judgment against Grubb, and a fi. fa. levied, his goods were in the sheriff's hands, and the court would not allow a third person to interfere and arrest the execution process, unless on some allegation that the judgment has been paid. Money in the sheriff's hands cannot be attached.
The attaching creditor in this case has no judgment which he can claim to set-off against this execution; nor any right to disturb the process in the sheriff's hands.
Patterson. — The policy of our attachment law is to compel an appearance by arresting the payment of the defendant's debts by attachment, as well as by seizing his goods. A judgment debt as well as any other is attachable. (Dig. 46.)
I agree that money cannot be attached in the hands of a sheriff, for that would produce confusion and embarrassment in the administration of justice. The attachment law is a remedial law, and should be construed in extension of the remedy. (Sergt. Attachments 80-1;2 Dall. 277; 8 Gill Johns. 421.)
Wales. — Shall the plaintiff in an execution for $265 62, and interest, have his process arrested, and his judgment stand still, powerless, because his debtor has sworn that he is indebted to a third person in a sum exceeding $50, and attached the whole debt in his own hands? It does not appear that anything is due from Harvey Belcher to Wm. Amor. And must the whole of this debt be locked up until the trial term of the attachment? Can the court direct an issue; and how?
The object of the attachment will be answered, and this motion avoided by an appearance. The plaintiff in the execution is a non-resident, and owes one of our citizens more than $50, as appears by an affidavit at the suit of Win. Amor; who issues a foreign attachment to compel Mr. Belcher to appear and answer his claim; and as the only mode of securing that appearance, he attaches the debt due to Belcher from Grubb, which debt is within our jurisdiction, and recoverable only by the aid of our process. Is there anything unreasonable in staying the use of our process, for such a purpose, until Belcher appears to Amor's suit? If Belcher had property here, real or personal, we would attach it, and if necessary, sell it to compel an appearance; and why not attach his credits as well as other property? And why not credits in the *Page 463 
form of judgment or execution, as well as other choses in action? We cannot perceive any reason why Mr. Belcher shall be permitted to use the process of law to collect his debts here, while he refuses to appear to sworn demands against him; nor any reason why his credits shall not be attached as well as other property. The attachment law extends to "goods and chattels, rights and credits, lands and tenements in whose hands or possession soever they may be."
It is ordered that proceedings on this fi. fa. be stayed until the attachment be dissolved; and, on the exhibition of Amor's cause of action, the bail in that case is reduced to $200.