## Kase *versus* Kase.

In an action of covenant, the defendant may plead an attachment execution against the plaintiff, which has been served on the defendant as garnishee; though such plea be neither in abatement, nor in bar of the suit.

Such a plea is admissible to place the facts upon the record, in order that the judgment may be qualified accordingly; and it is especially proper where the proceedings are before different courts.

In an attachment execution, the garnishee may plead that the debt is not presently demandable, to qualify the judgment; and with the same object he may plead former attachments, so as to make it subject to them.

Such process is an execution against the effects of the defendant in the hands of the garnishee, rather than an action against the garnishee; and the latter cannot make all the defences that he could if the suit were by *his* creditor; for the process is valid, even though his creditor may have a suit pending, or a judgment obtained against him for the claim.

Attachment executions are collateral processes to the regular actions between the parties for the same debt or duty, and are not incompatible with them, except so far as they actually interfere in their enforcement, or endanger the rights of some of the parties.

As collateral processes they are under the control of the court, as in other cases where several remedies are employed for the same debt or injury. And, as execution, this particular process is under the control of the court, so far as to see that it is not used vexatiously, and that the garnishee shall run no risk of being compelled to make double payment.

ERROR to the Common Pleas of *Northumberland county*.

This was an action of covenant by William H. Kase against Simon P. Kase, on an article of agreement, under seal, for the sale of the lease, stock, and fixtures of the Roaring Creek Furnace. The defendant pleaded covenants performed, *absque hoc;* and that certain attachment executions, amounting to $2232.52, had been issued against the plaintiff, out of the Court of Common Pleas of Montour county, and served on the defendant as garnishee.

On the trial, the principal grounds of defence were, that there was a great deficiency in the estimated quantity and quality of the stock purchased; and that the defendant had been induced to make the purchase by the fraudulent representations of the plaintiff as to the amount of the business done at the furnace.

[Kase v. Kase.]

The court below (JORDAN, P. J.) instructed the jury that, if the defendant agreed to purchase at the estimated quantity and quality, he was not entitled to a deduction for any deficiency; but if he purchased, relying upon the plaintiff's representations as to quantity and quality, and there was a deficiency in these respects, or if the plaintiff sold him articles to which he had no right, the defendant was entitled to relief to the extent of the deficiency. And that the attachment executions were no bar to the action.

. To this charge the defendant excepted; as also to the refusal of the court to permit them to send out with the jury a calculation of the alleged items of deficiency in the stock; and the jury having found a verdict in favour of the plaintiff for $2923.31, and that the same had been attached in the hands of the defendant since the commencement of the present suit; and judgment having been entered on the verdict, the defendant sued out this writ, and here assigned the same for error.

*Pollock, Lawson,* and *Miller,* for the plaintiff in error, in reference to the effect of the attachments pleaded, cited Stoner *v.* Commonwealth, 4 *Harris* 392; Irvine *v.* Lumbermen's Bank, 2 *W. & S.* 209; 1 *Chitty Plead.* 503; *Co. Lit.* 303; 2 *Saund. Pl. & Ev.* 719.

*Comly* and *Packer,* with whom was *Rockefeller,* for the defendant in error.

The opinion of the court was delivered by

LOWRIE, C. J.—We do not discover any deficiency of evidence on the questions submitted by the court to the jury, nor any error in the instructions that led to the verdict. Nearly all the defence was excluded by the finding that the defendant below had purchased in bulk and not by measure, and that the sale was not induced by fraudulent representations. The smaller details were rightly disposed of. We do not review the court for refusing to allow calculations to be sent out with the jury, unless, possibly, in very extraordinary cases. Here the principal part of the calculations were useless, because they depended upon a hypothesis which the jury have found to be false.

Were the attachment executions a bar to the action? Certainly not. It is vain to attempt to place all the defences, proper to attachment executions, under one or other of the divisions of strict common law pleading, pleas in abatement or in bar; for some of them belong to neither class. A plea is merely a form of stating a defence to an action, and of getting the facts that constitute it upon the record. And it is not the only form; for in *mandamus* and *habeas corpus* cases the defence is stated in the

[Kase *v.* Kase.]

form of a *return*, and in equity, admiralty, and attachment cases, it is usually by answer. Whatever facts may in any way influence the judgment that may be rendered, may be pleaded in some form.

There was a rigidity in the old common law practice that generally prevented it from recognising any right, except in so far as it could be enforced by an unbending application of the old forms of action. But the adoption of equity principles into our common law, and the frequent enlargement of the sphere of legal remedies and defences by the legislature, have greatly altered our common law forms of action, and now we rather modify our forms to the right, than test the right by our forms. We no longer reject a defence because of our inability to classify it as being either in abatement or in bar of the action. The old common law forms of judgment required that all defences should be thus classified. But we mould our judgments according to the material facts of the case, and many facts are material that neither bar nor abate the action, but only qualify the judgment.

In ejectment, a defence that the defendant purchased the land from the plaintiff by an executory contract in writing, and has partly paid for it, is no bar to the action, but it is essential to a proper conditional judgment. In debt on bond for the purchase-money of land, it is material and admissible that the obligor is a married woman, for it qualifies the judgment, without barring or abating the suit: 25 *State R.* 81. And a plea under our old insolvent laws, that the defendant was a discharged insolvent, would show only that a recovery against him ought to be *de bonis*, and not absolute. And in an attachment execution process, " that the debt attached is not presently demandable, may be pleaded in stay of execution;" 8 *W. & S.* 219; that is, merely to qualify the judgment. And a plea of former attachment only qualifies it so as to make it subject to them.

Our attachment execution procedure is such a complete departure from all common law forms, that we ought hardly to think of applying to it the apparent analogies of common law practice, until we have proved their fitness. It is an execution against the effects of the defendant in the hands of the garnishee, rather than action against the garnishee; 26 *State R.* 104; and the latter cannot make all the defences that he could if the suit were by his creditor; for the process is valid, even though his creditor may have a suit pending, or a judgment obtained against him for the claim; and therefore there can be no plea in bar or in abatement on this account. But such facts may be pleaded and found as material to the form of the judgment; and doubtless it would be well that they should be, especially when the different proceedings are before different courts. With the material facts found, the court may mould the judgment against the garnishee, so that he suffer no harm by the multiplication of the processes. It has,

[Kase *v.* Kase.]

even on mere motion and hearing, directed the payment of the money according to the effect of the several proceedings, 2 *Dall.* 277, or ordered one of the judgments to be marked for the use of him who ought to have the proceeds, 1 *State R.* 380, in the same way as it orders one judgment to be set off against another. If there is any better mode than these, we may expect our experience to reveal it to us in due time.

We shall, perhaps, most readily test the effect of attachment executions, on direct suits for the claims attached, by regarding them as executions, "auxiliary to the old modes of execution," 4 *State R.* 250, and not excluding them, 5 *Watts & S.* 222, 26 *State R.* 103. They are collateral processes to the regular actions between the parties for the same debt or duty, and are not incompatible with them, except so far as they actually interfere in their enforcement, or endanger the rights of some of the parties. As collateral processes, they are under the control of the court, as in other cases where several remedies are employed for the same debt or injury. And, as execution, this particular process is under the control of the court so far as to see that it is not used vexatiously, and that the garnishee shall run no risk of being compelled to make double payment.

In the present case, the court might very well have entered a qualified judgment in such form as would have avoided any shadow of defect. We would do it here, by modifying the judgment, if the plea found in favour of the defendant had been spread upon our paper-books. Not having it, we cannot; but the court below has the right view of the subject, and will restrain any improper use of the judgment.

　　　　　Judgment affirmed, and record remitted.