# E. E. STRANAHAN v. J. A. STRANAHAN.

### APPEAL BY G. W. WRIGHT, GARNISHEE, FROM THE COURT OF COMMON PLEAS OF MERCER COUNTY.

Argued October 12, 1891—Decided January 4, 1892.
[To be reported.]

1. An execution attachment is not a " civil suit or action " within the meaning of § 8, act of June 16, 1836, P. L. 719, authorizing either party in any civil suit or action, his agent or attorney, to enter a rule to refer the same to arbitrators.
2. The act was intended to apply only to suits that are original in their nature. Wherefore, though the garnishee in an execution attachment pleaded nulla bona, and thereafter entered a rule to arbitrate, the rule was properly stricken off.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 236 October Term 1890, Sup. Ct.; court below, No. 131 January Term 1890, C. P.

On December 21, 1889, an execution attachment was issued upon a judgment in favor of E. E. Stranahan against James A. Stranahan, summoning George W. Wright as garnishee. To interrogatories filed and served with the writ, the garnishee answered denying that he was indebted to the defendant, or had in his hands any moneys or effects belonging to him, and entered the plea of nulla bona.

On April 10, 1890, the garnishee entered a rule to refer, under § 8, act of June 16, 1836, P. L. 719. Service thereof was accepted by the plaintiff. On May 5, 1890, the day named in the rule for choosing arbitrators, the plaintiff's counsel presented to MEHARD, P. J., at chambers, a motion (not shown in the paper-books) to strike off the rule to arbitrate. Upon this motion, the following order was indorsed:

And now, May 5, 1890, from the examination I have been able to give the questions raised by this motion, the inclination of my mind is to sustain the rule of reference and refuse the motion; but, in any event, I am of opinion that a judge at chambers has no authority to set aside the rule, and on that

ground the motion is refused without prejudice, so that it may be renewed in court if the plaintiff so desires.

—Thereupon, the prothonotary acting for the plaintiff who did not appear, arbitrators were chosen.

On May 12, 1890, the plaintiff's counsel appeared in open court, and renewed the motion to strike off the rule to refer. The motion was granted on May 16th, and an order entered accordingly, MEHARD, P. J. Later, the same day, the issue was called for trial, but continued as follows:

"And now, May 16, 1890, by consent of parties this case (issue v. George W. Wright, personally,) is continued until second Monday of June, and it is agreed that it shall then be tried by a jury to be selected from the petit jury of that week."

On June 10, 1890, the cause was tried before HENDERSON, P. J. 30th district, specially presiding, and on the following day the jury returned a verdict finding that the garnishee was indebted to the judgment defendant in the sum of $2,500, as of the date of the service of the attachment. A rule for a new trial having been discharged and judgment entered under the direction of the court, the garnishee took this appeal, assigning for error:

1. The granting of the motion to strike off the rule.

2. The order directing the entry of the judgment.

*Mr. A. B. Thompson* and *Mr. B. Magoffin* (with him *Mr. J. G. White*), for the appellant:

1. The question to be determined in the issue upon the plea of nulla bona, was one of fact purely; and the issue was the same as it would have been if the judgment defendant were the plaintiff in an action against the garnishee, the attachment operating as an equitable assignment of his claim against the garnishee to the judgment plaintiff, and putting her in his shoes: Patten v. Wilson, 34 Pa. 299; Myers v. Baltzell, 37 Pa. 491; Fessler v. Ellis, 40 Pa. 248; Park v. Matthews, 36 Pa. 28; Reed v. Penrose, 2 Gr. 472. If the defendant had sued the garnishee, or if he had assigned his claim to the plaintiff and she had brought a suit on it against the garnishee, no one would have doubted the right of either party to have a rule to arbitrate. As an attachment has the effect of an equitable assignment, we contend that the garnishee had the same right in this

Opinion of the Court.

case; and that, a rule to arbitrate having been regularly taken out and arbitrators chosen thereunder, the case was out of court, and the subsequent proceedings were coram non judice.

2. Especially should this be so in the present case, the plaintiff being the wife of the defendant, who was the active party in issuing the execution attachment. In the circumstances, it should be held that there was an actual assignment of whatever claim he had against the garnishee. Cases of execution attachment are not among those excepted by § 39, act of June 16, 1836, P. L. 725, from the operation of the statute; and the act is construed liberally, the exceptions being limited to their strict terms: Pettit v. Wingate, 25 Pa. 74.; Stevenson v. Docherty, 3 W. 176; Lange v. Stouffer, 16 Pa. 251. It will be urged that an execution attachment is not a suit. But, when the plea of nulla bona is entered, it becomes a suit between the plaintiff, the equitable assignee of the judgment debtor, and the garnishee; and the rights of the latter, as to either matter or mode of defence, cannot be affected by the circumstance that it was commenced by attachment.

*Mr. S. R. Mason* (with him *Mr. S. B. Griffith*), for the appellee:

As the record shows, no exception was taken by the garnishee to the order of the court striking off the rule, and after it, he consented to the continuance of the case, and went to trial on the merits, during a term of the Court of Quarter Sessions when no civil case could be tried except by consent. He has therefore no standing in this court. The authorities cited by his counsel have no application whatever. Not one of them bears upon the question now before the court. An execution attachment is not an action, but a species of execution: Newlin v. Scott, 26 Pa. 102; Kase v. Kase, 34 Pa. 128; Fitzsimmons's App., 4 Pa. 248; Tams v. Wardle, 5 W. & S. 222.

OPINION, MR. CHIEF JUSTICE PAXSON:

The only complaint here, is that the court below erred in striking off the rule to arbitrate. The rule was entered by the garnishee in an attachment execution, after he had appeared and entered the plea of nulla bona. This raises the question whether an attachment execution comes within the compulsory

Opinion of the Court.

arbitration act of 1836. This act has been in force for over fifty years, and the fact that no attempt has heretofore been made to apply it to execution attachments, is some evidence of the general belief of the profession that such cases do not come within it.

The eighth section of the act of sixteenth June, 1836, provides that "it shall be lawful for either party in any civil suit or action, his agent or attorney, to enter at the prothonotary's office a rule of reference," etc. Is an execution attachment a " civil suit or action," within the meaning of this act? We think not. The suit or action here contemplated is an original suit; whereas, an execution attachment is execution process, with machinery added by which to reach money or property of the defendant in the hands of another person. Where a debt is attached, § 35, act of June 16, 1836, P. L. 767, provides that "a clause in the nature of a scire facias against a garnishee in a foreign attachment, shall be inserted in such writ of attachment, requiring such debtor, depository, bailee, pawnee, or person holding the demise as aforesaid, to appear at the next term of the court, or at such other time as the court from which such process may issue shall appoint, and show cause why such judgment shall not be levied of the effects of the defendant in his hands."

The process against the garnishee is but a species of execution, to collect from him, or from effects in his hands, a judgment against another person: Newlin v. Scott, 26 Pa. 102. The case against the garnishee is not instituted as an adversary suit between him and the plaintiff, and it becomes such only where there arises a dispute between them as to the amount of money or other property in the hands of the garnishee ; that is, on or after the filing of the answer or plea : Idem. In Kase v. Kase, 34 Pa. 128, it was held that "such process (execution attachment) is an execution against the effects of the defendant in the hands of the garnishee, rather than an action against the garnishee ; and the latter cannot make all the defences that he could if the suit were by his creditor, for the process is valid, even though his creditor may have a suit pending, or a judgment obtained against him for the claim."

The act of 1836, in regard to execution attachments, points out specially the mode or practice to be pursued in prosecuting

Opinion of the Court.

such cases, and under the act of 1806, * such directions must be strictly followed. The power to arbitrate is nowhere given. Moreover, the results of such a proceeding would be incongruous. The proceeding by arbitration is wholly unsuited to execution attachments. Being execution process, it is at all times under the control of the court. The judgment against the garnishee, if there be one, may be moulded to suit the exigencies of the case, whereas the court has no such power over an award of arbitrators. Moreover, a rule of reference can only be entered by the plaintiff after a declaration or statement of the cause of action has been filed : § 9, act of June 16, 1836, P. L. 719. This shows conclusively that the arbitration act was intended to apply only to such suits or actions as are original in their nature, and not to such process as is merely in aid of execution. No one ever heard of a declaration being filed in an execution attachment.

It was urged, however, that after a plea of nulla bona, an issue of fact is raised to which the arbitration act applies. We do not think the right to arbitrate depends upon the nature of the plea. It is true, there is an issue of fact to be disposed of by a jury, but this furnishes no argument in favor of arbitration. If it did, I do not see how we could avoid applying it to every case in which such issue is raised, whether it be a suit for divorce, an issue devisavit vel non, or an issue ordered by a chancellor. The act of assembly does not provide that every issue of fact may be arbitrated.

We are of opinion that the court below committed no error in striking off the rule of reference.

Judgment affirmed.

---

* § 13, act of March 21, 1806, 4 Sm. L. 332.