# Progressive Commercial Co., Appellant, *v.* Friedman and Balasny.

*Judgments—Exemption—Debtor's exemption — Execution—Attachment—Bankruptcy.*

A rule to set aside an attachment and alias writs of fieri facias was made absolute upon proof of the following facts. Judgment was entered by the plaintiff against the defendants in pursuance of warrant of attorney contained in a promissory note which also

Syllabus—Assignment of Error. [81 Pa. Superior Ct.

contained a waiver of exemptions. Fieri facias was issued and property of each defendant was levied upon. Both defendants were subsequently adjudged bankrupt, and both claimed the debtor's exemption. The trustee in bankruptcy took possession of the property of Friedman, sold it, and set aside, for the debtor, the proceeds of the property which he had claimed as his exemption. The property claimed by Balasny was set aside to him in kind and the trustee had none of his property in possession. Plaintiff issued alias fi. fa. against both defendants and an attachment against the funds in the hands of the trustee as the exemption of Friedman.

*Held:* there was no error in the action of the court below with reference to the alias fi. fa., but it was error to make absolute the rule as to the attachment.

A debtor's exemption is no part of his estate in bankruptcy. Although the trustee in bankruptcy may have to take possession of it for the purpose of setting it aside the creditors in bankruptcy are not interested in it and the trustee is custodian for the bankrupt. Such property is subject to the claim of a creditor as to whom the bankrupt has waived his exemption, and attachment is an appropriate process to reach it.

A writ of alias fi. fa. is not the proper writ to enforce a levy on the original writ.

Argued October 18, 1922. Appeal, No. 209, Oct. T., 1922, by plaintiff, from order of C. P. No. 1, Philadelphia County, Dec. T., 1921, No. 4053, making absolute rule to strike off alias fi. fa. and attachment execution, in the case of Progressive Commercial Company v. L. Friedman and J. Balasny. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Modified and affirmed.

Rule to show cause why judgment should not be stricken off or opened, and why alias fi. fa. and attachment should not be set aside. Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rules to set aside alias fi. fa. and attachment. Plaintiff appealed.

*Error assigned* was the order of the court quoting it.

*Samuel J. Gottesfeld,* for appellant.—A judgment creditor of a bankrupt, who holds a waiver of exemption may levy upon and sell the exempt property at any time before final discharge of the bankrupt: First National Bank v. Bartlett, 35 Pa. Superior Ct. 593; Greenfield v. Golder, 42 Pa. Superior Ct. 462; Realty Co. v. Gioshio, 50 Pa. Superior Ct. 185.

*Samuel E. Kratzok,* and with him *Samuel Willig,* for appellee.—The appellant abandoned the lien of its original writ and acquired no lien under the alias writs until after the discharge of the bankrupts: Missimer v. Ebersole, 87 Pa. 109; Frisch v. Miller, 5 Pa. 310; Claster v. Soble, 22 Pa. Superior Ct. 631; Deposit National Bank v. Hay, 262 Pa. 388.

OPINION BY HENDERSON, J., March 2, 1923:

The material facts here involved are not in dispute. On the 30th of December, 1921, the plaintiff entered judgment against the defendants for $1,050 on a promissory note which contained a power of attorney to confess judgment and a waiver of any exemption law then in force or which might thereafter be passed exempting personal property from levy and sale on any execution. A writ of fi. fa. was issued thereon the same day by authority of which the sheriff levied on all the personal property of each of the defendants. An involuntary petition in bankruptcy had been filed against Friedman on December 1, 1921, on which there was an adjudication of bankruptcy January 6, 1922. An involuntary proceeding in bankruptcy was filed against Balasny, January 11, 1922, on which there was an adjudication of bankruptcy on February 1, 1922. The sheriff having been notified of the proceedings in bankruptcy, returned the writ of fi. fa. with the levy endorsed thereon. Claims were made by Friedman and Balasny in their schedules in the bankruptcy proceedings for certain fixtures and articles of merchandise as their exemptions under the

statute exempting property of a defendant to the extent
of $300. All of the bankrupt estate of Friedman was
sold, however, by the trustee who filed his report of ex-
empt property on April 8, 1922, setting aside the sum of
$219.22 in cash as the bankrupt's exemption in lieu of the
property claimed. Friedman received his discharge in
bankruptcy March 24, 1922, and Balasny on April 17,
1922. On April 18, 1922, the plaintiff issued an attach-
ment execution on the judgment which was served on the
trustee and on April 22, 1922, an alias fi. fa. was issued.
On May, 3, 1922, Friedman filed a petition for a rule to
show cause why the judgment against him should not be
stricken off or opened, and why the alias fi. fa. and the
attachment should not be set aside, for the reason that
he had been adjudged a bankrupt and thereby was dis-
charged from liability for the plaintiff's claim. Similar
relief was asked for by Balasny. Rules pursuant to the
petitions were granted and on July 10, 1922, the rules to
set aside the alias fi. fa. and attachment were made ab-
solute; from which order we have this appeal. There
could be no doubt of the propriety of the court's action
if the obligation of the defendant were a promise to pay
without a waiver of exemption and without a levy be-
fore the bankrupt's discharge. Section 67f of the bank-
ruptcy act provides "all levies, judgments, attachments
or other liens, obtained through legal proceedings
against a person who is insolvent, at any time within
four months prior to the filing of a petition in bank-
ruptcy against him, shall be deemed null and void in case
he is adjudged a bankrupt, and the property affected by
the levy, judgment, attachment, or other lien shall be
deemed wholly discharged and released from the same,
and shall pass to the trustee as a part of the estate of the
bankrupt." This language is plain and needs no con-
struction. Whatever property passes to the trustee in
bankruptcy for the benefit of creditors is released from
liability, and all levies, judgments, attachments, or other
liens obtained through legal proceedings at any time

within four months prior to the filing of the petition in bankruptcy, are rendered null and void by the adjudication in bankruptcy. Custody and possession may be necessary, however, to enable the trustee to set aside the property claimed on the exemption; but after that has been done, the creditors are no longer interested therein, and the trustee's relation thereto is that of a custodian for the bankrupt. What disposition thereafter is made of it is not a matter of concern to the creditors. Speaking of the Bankrupt Act of 1867, Justice BRADLEY said In Re Bass, 3 Woods 382: "In other words, it is made as clear as anything can be that such exempted property constitutes no part of the assets in bankruptcy. The agreement of the bankrupt in any particular case to waive the right to the exemption makes no difference. He may owe other debts in regard to which no such agreement has been made, but whether so or not, it is not for the bankrupt court to inquire. The exemption is created by the state law and the assignee acquires no title to the exempt property. If the creditor has a claim against it, he must prosecute that claim in a court which has jurisdiction over the property which the bankrupt court has not." This view was restated in Lockwood v. Exchange Bank of Ft. Valley, 190 U. S. 294, wherein the court said: "The fact that the Act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as included in the assets of the estate, the very property which the Act in unambiguous language, declares shall not pass from the bankrupt, or become part of the bankruptcy assets," and in that case the district court was directed to withhold the discharge of the bankrupt until a reasonable time had elapsed for the excepting creditor to assert in the state tribunal his right to subject the exempt property to the satisfaction of this claim. In Chicago B. &

Q. R. R. v. Hall, 229 U. S. 511, it was decided that section 67f of the Bankrupt Act does not defeat a creditor's right in the exempt property acquired by contract, or by waiver of exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed. It was said In Re Hill 2 Am. Bank. Rep. 798: "Exempt property never becomes assets in the bankrupt court for administration. The title never passes. Only a qualified right of possession is in the trustee. As to property which is exempt, relating back to the adjudication, the title remains in the bankrupt and it is only to be set apart, and otherwise the trustee can exercise no right and owes no duty. It never comes into the court of bankruptcy." We held in Sharp v. Woodslare, 25 Pa. Superior Ct. 251, that a federal trustee in bankruptcy is not entitled to the bankrupt's exemption of $300 against a creditor who has attached the same by an attachment execution issued and served within four months prior to the bankruptcy on a judgment waiving exemption. This was followed in First National Bank v. Bartlett, 35 Pa. Superior Ct. 593, where we held that section 67f of the Bankrupt Act should be construed to mean that "all levies shall be deemed null and void, only, as to the property which passes to the trustee for the benefit of the creditors of the bankrupt, but remain valid for enforcement under the state laws as to the bankrupt's exempted property." Again in Greenfield v. Golder, 42 Pa. Superior Ct. 462, it was decided that when a bankrupt's personalty has been appraised and set apart under the state exemption law, it may be seized on a levy under a judgment against the bankrupt containing a waiver of exemption. This remains true whether the execution process was issued before, or during the pendency of the proceeding in bankruptcy. It will be seen then that the levy obtained by the appellant on the personal property of the defendants was effective to secure a lien to the extent of the exemption claimed by them respectively and the discharge in

bankruptcy did not operate on the lien so acquired. In entering the orders appeal from the learned judge of the court below placed reliance on Greenberger et al., v. Schwartz, 261 Pa. 265, but the attention of the court was apparently not directed to the fact that the question of the effect of the lien of a levy on personal property exempted from the operation of the bankruptcy law was not discussed nor raised in that case, and it may be inferred from the opinion of the court that the subject of controversy was nonexempt property.

A writ of vend. ex. could have been issued to enforce the lien if the property had remained in the hands of the trustee, but with respect to Friedman's claim the property was sold by the trustee and was therefore no longer subject to the operation of the fieri facias; but the attachment execution issued was an appropriate process to reach the fund produced by the sale of the exempted property. That fund was impressed with the lien of the original fieri facias, and there is no reason why it might not be attached in the hands of the custodian. The attachment is a species of execution collateral to the judgment and may be issued concurrently with the ordinary execution. The general rule is that as many kinds of execution as the law affords may be used at the same time until satisfaction be obtained on one of them: Tams v. Wardle, 5 W. & S. 222; Newlin v. Scott, 26 Pa. 102; Pontius v. Nesbit, 40 Pa. 309. The prior levy was not an obstruction in the plaintiff's way. It is only when the execution is inconsistent with the attachment that the latter becomes irregular: Heath v. Page, 63 Pa. 108. The attachment was but an enforcement of the levy theretofore made and was, we think, effective. No other fund was in the hands of the trustee to which the plaintiff made claim, or to which it was entitled, and as that fund was unquestionably exempted from the claim of the bankrupt's general creditors, the plaintiff was entitled to the benefit of its lien. The issuing of the alias fi. fa. was an irregularity. No levy could be made thereunder

on the assigned property, and it does not appear that any attempt was made by the sheriff to make a levy. There is nothing to connect the alias fi. fa. with the levy on the prior execution. Doubtless if no objection were made a levy might be made under an alias writ on the same property theretofore levied on, but this was not done, and if it had been done the defendant would have a right to object thereto: Missimer v. Ebersole, 87 Pa. 109. Cases are cited by the appellant in which an alias fieri facias was held not to be such an irregularity as could be taken advantage of by any other person than the defendant, but the question of the defendant's right was not considered. The cases above cited clearly hold that a defendant has standing to object to the use of an alias fi. fa. to enforce a levy on the original writ. As there was no fund or chose in action on which the attachment against Balasny could operate and the defendant had been discharged in bankruptcy, the attachment was properly set aside as to him. Whether we view his case with respect to the alias fi. fa. or the attachment, the writs relied on were unavailable to procure satisfaction of the judgment against him. We conclude, therefore, that the attachment execution was good as to the fund in the hands of the trustee arising from the sale of the exempted property of Friedman and that the alias fieri facias and the attachment were ineffective against the exempted property of Balasny.

The judgment of the court is modified by reversing so much of the order as set aside the attachment execution against the fund belonging to Friedman in the hands of the trustee in bankruptcy. With this modification the judgment is affirmed.