## Childs v. United Traction Company of Pittsburgh

*W. St. Clair Childs* and *Sterrett, Acheson & Jones*, for plaintiff.

*Henry G. Wasson, Jr., Philip A. Pfleger* and *Edwin P. Griffiths*, for garnishees.

McNAUGHER, J., December 17, 1931.—Plaintiff secured a default judgment against defendant based upon certain of the latter's matured bonds and there-

after brought attachment execution proceedings against the United Traction Company of Pittsburgh, Pittsburgh Railways Company, The Farmers Deposit National Bank and the Peoples-Pittsburgh Trust Company, garnishees, at No. 3788, January Term, 1931. Interrogatories issued to the United Traction Company of Pittsburgh and Pittsburgh Railways Company, answers were made thereto, and plaintiff obtained rules to show cause why judgment should not be entered on the answers against both companies. On March 1, 1931, the court refused judgment and dismissed the rules. Thereafter, plaintiff brought further attachment execution proceedings against the same companies at No. 2390, July Term, 1931. The case now comes before us on rule of the United Traction Company of Pittsburgh and Pittsburgh Railways Company, garnishees, to show cause why the writ issued in the second attachment execution proceedings should not be quashed, inasmuch as plaintiff failed to discontinue the prior attachment.

The question for us to decide is whether a judgment creditor, having summoned a third person as garnishee and having been refused judgment on answers to interrogatories made by the garnishee, can again garnish such third person, where no plea of nulla bona has been entered, without first discontinuing the prior attachment.

It is argued by the garnishees that, in the absence of a plea of nulla bona by them, the first attachment execution protects plaintiff and is effective to reach any goods or chattels belonging to defendant which might, after the issuance of the writ, come into the hands of the garnishees or any indebtedness of the garnishee which might accrue to defendant before final judgment, even after answers to interrogatories have been filed and judgment thereon refused. Plaintiff concedes this to be true, but urges that both execution attachments should be permitted to stand in order to protect him during a possible interim which might occur between the date of a later entry by garnishees of a plea of nulla bona in the first proceedings and the date of service of attachment in another execution which plaintiff thereafter would be compelled to undertake.

As the hiatus suggested might otherwise occur, we believe plaintiff should be protected and the second attachment execution proceedings allowed to stand, particularly since we cannot see how any harm can result to the garnishees. They contend, at the most, that the second execution is unnecessary and superfluous.

The garnishees are scarcely in position to complain in any event, inasmuch as defendant raises no objection. As stated in Newlin v. Scott, 26 Pa. 102, 104:

"The case against the garnishee is not instituted as an adversary suit between him and the plaintiff, and it becomes such only when there arises a dispute between them as to the amount of money or other property in the hands of the garnishee; that is, on or after the filing of the answer or plea."

The garnishee's only concern should be to avoid double payment. In the language of Kase v. Kase, 34 Pa. 128, 131, the execution attachments, "As collateral processes . . . are under the control of the court, as in other cases where several remedies are employed for the same debt or injury. And, as execution, this particular process is under the control of the court so far as to see that it is not used vexatiously, and that the garnishee shall run no risk of being compelled to make double payment."

In the case of Pontius v. Nesbit et al., 40 Pa. 309, where a second attachment execution issued, the court said:

"The only objection to it was the pendency of the prior attachment. That was no valid objection. Both writs of attachment were execution process; and the general rule is that you may have as many forms of execution as the law will

afford, and may pursue them all at the same time until satisfaction be obtained on one of them."

Plaintiff can have only one satisfaction of his claim, but he is entitled to all process which may be necessary in order to obtain that satisfaction: Tams *v.* Wardle, 5 W. & S. 222.

It is to be noted that Judge Stadtfeld, who sat in the court in banc, resigned to take his place in the Superior Court before the decision of this case.

### Order

And now, to wit, December 17, 1931, the rule on behalf of garnishees to show cause why the writ issued in the second attachment execution proceedings should not be quashed is hereby discharged.

From William J. Aiken, Pittsburgh, Pa.