# Reid *versus* Lindsey, Sterrit & Co.

1. The lien of a levy upon personal property under a fieri facias is not lost by a judicial order staying the writ and opening the judgment to let the defendant into a defence, although the order contains no provision for continuing the lien.

2. Where the court in making such an order required the defendant to give bond to the plaintiff to indemnify him from any damages sustained by reason of the stay of proceedings, the lien of the levy is not affected by reason of the giving of such bond.

3. After the trial of a feigned issue under the opened judgment, and a verdict and judgment for the plaintiff, the latter brought an action on the bond of indemnity against the sureties, who offered to prove that at the time plaintiff recovered final judgment a large part of the goods remained, subject to the original levy, out of which the plaintiff, had he used due diligence, could have realized the greater part of his debt; *Held,* that such evidence was admissible, because it might show that the sureties in the indemnity bond were released in whole or in part by the omission of the plaintiff to seize and sell such remaining goods.

October 2d 1883. Before Mercur, C. J., Gordon, Trunkey, Sterrett, Green and Clark, JJ. Paxson, J., absent.

Error to the court of Common Pleas of *Clarion county:* Of October and November Term 1883, No. 125.

Debt, on a bond of indemnity, by Lindsey, Sterrit & Co., against George T. Van Doren, obligor, and Lewis Shanafelt and John C. Reid, sureties. The last named defendant alone was served, and he pleaded nil debet and payment.

[Reid *v.* Lindsey.]

On the trial, before KNOX, P. J., the record showed the following facts :—On March 28th 1877 judgment was entered on a judgment note in favor of Lindsey, Sterrit & Co., against David M. Sample for $923. A fi. fa. was issued on which the sheriff made the following indorsement of levy :

" April 14th 1877, levied on all the right, title, etc., of the defendant in a leasehold estate, situate in Elk city, bounded, etc., [giving boundaries.] Improvements—One board frame store-house 17 by 40 feet, one and a-half stories high, one small shed stable.—Also one safe, 9 cook stoves, 2 heating stoves," etc. etc. [Enumerating the stock of merchandise in detail.]

On April 16th 1877, the said Sample made a general assignment for the benefit of creditors to George T. Van Doren, who on April 18th presented a petition to an associate judge, at chambers, alleging that said judgment note had been given as collateral security, and that the said execution had been issued for more than the actual indebtedness then due ; and praying that proceedings upon the said fi. fa. be stayed, and the judgment be opened, in order to let him into a defence. The associate judge on the same day made an order staying the writ until the first day of the ensuing term, which was April 23d 1877, upon the petitioner giving bond to the plaintiffs in the sum of $2,000, with approved sureties, conditioned to indemnify the plaintiffs against all damages that might be sustained by reason of said stay of proceedings. The petitioner on the same day gave the bond in suit to the plaintiffs, with Shanafelt and John C. Reid as sureties, and the sheriff returned the fi. fa. with the levy indorsed, "stayed by order of court."

On April 23d 1877 (being the first day of the term), the court granted a rule, as prayed for in the petition, to show cause why the judgment should not be opened and the petitioner be let in to defend ; which rule was made absolute July 10th 1877, and an issue awarded. The issue was tried May 2d 1878, but a new trial was granted, which was had March 19th 1879, when a verdict was rendered for the plaintiffs for $822, and judgment entered thereon April 18th 1879. On the same day this suit was brought on the bond of indemnity.

It further appeared in evidence, that Sample's assignee for the benefit of creditors had, in the meantime, made sales from time to time, of a portion of the said goods which had been levied upon. Sample was adjudicated a bankrupt on his own petition August 30th 1878, but the assignee appointed in bankruptcy never took possession of or interfered with the goods in any way.

The defendant made the following offer:

" Defendant offers in evidence the deposition of David M. Sample for the purpose of showing the value of the personal

[Reid *v.* Lindsey.]

property subject to the levy on the 18th of April, 1879, the date when the judgment was entered,—that is, the value of the personal property that remained, subject to the levy, on the 18th of April, 1879, when the judgment was closed again after the trial in the case against D. M. Sample, when final judgment of $822 was obtained;—this to show that the plaintiffs could have realized the greater part of their judgment against D. M. Sample out of the personal property remaining subject to the levy.

*Mr. Corbett,* for plaintiff:—We object to that evidence, the judgment having been opened on the rule to show cause on the 10th of July, 1877, and after that date the lien of the levy in the hands of the sheriff was discharged from the operation of the judgment or execution; and the property vested, first, in the assignee for the benefit of creditors, and afterward in the assignee in bankruptcy.

Objection sustained.    Exception.

Verdict for the plaintiffs for $1,067, and judgment thereon. The defendant took this writ of error, assigning for error the rejection of his offer, as above.

*B. J. & A. B. Reid,* for the plaintiff in error.—There is no reason why the rule that the lien of a judgment on real estate is not affected by opening the judgment and staying execution, should not apply to the case where, under a levy on personalty, the fi. fa. is stayed and the judgment opened. In each case the right to sell is suspended until the trial of the issue, but the creditor's vested lien cannot be affected by the interlocutory order. The bond of indemnity which the court required the defendant to give, on staying the writ, was a cumulative remedy, and was appropriate to protect the plaintiff in case of·intervening loss or destruction of the goods by fire, depreciation, robbery or misappropriation pending the issue, during which the defendant's custody was substituted for that of the sheriff, though theoretically the goods remained in custody of the law: Bain *v.* Lyle, 18 P. F. S. 60; Batdorff *v.* Focht, 8 Wr. 195; Ramsey *v.* Bank, 2 Pa. Rep. 203; Fegley *v.* McDonald, 8 Norris 128. The lien of the levy remaining unaffected, the court should have admitted our offer to prove that sufficient property remained at the date of the final judgment to satisfy the greater part of their claim, and thus relieve the defendant, as surety, pro tanto.

*W. L. Corbett,* (*Joseph H. Patrick* and *John B. Patrick* with him), for the defendant in error.—There is a wide difference between the case of a lien of a judgment on realty and of a levy under a fi. fa. on personalty. The lien on realty is wholly

[Reid *v.* Lindsey.]

statutory, the lien of a levy on goods is at common law, though now regulated as to priority by statute.   The opening of a judgment, as said in the Kittanning Insurance Company *v.* Scott, 5 Out. 449, may leave the judgment in full force for all purposes but execution ; but, for that purpose, a new judgment must be rendered.   When a judgment is opened, it does not remain a final judgment, and only a final judgment can support an execution ; and a lien as to chattels results from the execution.   When judgment is obtained in cases where the original has been opened, it is a new judgment, and may be for a different amount than the original one.   In such a case, execution necessarily issues on the last judgment.   In this case, the judgment opened was for $923 ; and the judgment entered after verdict and trial, was for $822.   A writ of venditioni exponas, issued on the original, would have been irregular and erroneous, and any issue of execution on the new one obtained after trial, would have necessarily been a fieri facias, and the issuing of such fieri facias under the authorities in this state, would have been an abandonment of levy on writ on former judgment.   To hold, under the facts in this case, that the levy on execution on former judgment still remained a lien, after trial and a new judgment, would be an anomaly.   If the lien of the levy remained unaffected by the order of the court opening the judgment, it is clear that the order left the sheriff in the legal custody of the goods levied on under the writ : and if he parted in any way with such possession, by a relinquishment of the same to Van Doren, the assignee of Sample, he became liable for the amount of the value of the levy :   Commonwealth *v.* Contner, 6 Harris 444, 445 and 446.   The bond of indemnity, unlike an interpleader bond, was made to the plaintiffs, and its condition covered any damage in the loss of the fruits of the levy, from any cause whatsoever.

Mr. Justice GREEN delivered the opinion of the court, November 5th 1883.

We decided in Batdorff *v.* Focht & Brother, 8 Wr. 195, that the lien of a fi. fa. upon goods levied on under the writ was not lost by reason of a judicial order staying it until a rule taken on part of the defendants should be disposed of, although there was no stipulation in the order staying the writ that its lien should remain.   The very question was raised on the record on distribution of the proceeds of the goods which were sold on a subsequent writ, and the money was awarded to the first writ upon the express ground that the lien was not lost. The same doctrine was again declared in Bain *v.* Lyle, 18 P. F. S. 60, and although in that case a bond had been given for the return of the goods, it was held to be no substitute for the

[Reid *v.* Lindsey.]

goods, and that the lien of the execution was not discharged. In Kightlinger's Appeal, 5 Out. 540, these cases were recognized as full authority for the rule, and would certainly have been applied had the circumstances of that case required it. It was unnecessary to do so, but only because an order continuing the lien had been made when the stay of proceedings was granted. The rule itself was vindicated by WOODWARD, J., in Batdorff *v.* Focht & Brother, by the proposition that the lien of a fi. fa. after levy is a vested lien which cannot be impaired by an interlocutory order. Although, as was there said, it is the usual and proper practice to direct that the lien shall remain, when a stay is ordered, it was held to be unnecessary. The judge said, "But where, as in this case, it is omitted, the lien must, nevertheless, be regarded as preserved, for it is one of the vested legal rights of the plaintiff, and can no more be sacrificed by an edict of the court without a hearing than any of his other civil rights, whether of liberty or property." This reasoning is so entirely satisfactory that it need not be extended. In Batdorff *v.* Focht, and in Kightlinger's Appeal the lien was made effective by awarding priority to the writs in the distribution of the proceeds of the sale of the goods upon subsequent writs, although in the latter case an interval of nearly four years elapsed between the granting and discharge of the rule to open the judgment. In Bain *v.* Lyle an execution against Austin was levied upon goods which were claimed by Corry. The latter gave an interpleader bond to the sheriff, and the goods were thereupon delivered to him. Subsequently they were sold on an execution against Corry, and purchased by a stranger. The interpleader issue being decided in favor of Austin, it was held he might follow the goods in the hands of the purchaser at the last sale. This, of course, was upon the theory that the original execution creditor could not be deprived of his recourse to the goods, notwithstanding they had been given up to the adverse claimant upon his substituting an interpleader bond in their place. In the present case the bond given was a general indemnity bond only, and in no sense a substitute for the goods. It was for indemnity against all damages which might be sustained by reason of the order staying proceedings. It contained no provision for a return of the goods. It is plain then that if any of the goods originally levied upon still remained in the possession of the defendant in the execution, or of his assignee, for the benefit of creditors, who is merely his representative (In re Fulton's Est., 1 P. F. S. 204), it was the right of the plaintiff to seize them by another writ, and sell them in satisfaction of his claim. If they had passed to an assignee in bankruptcy, which does not appear in the testimony, they would still be subject to the lien of the

[McLaughlin *v.* Fulton.]

levy originally made. The offer of proof was somewhat indefinite, but in substance it was proposed to show the value of the goods which remained subject to the levy at the time of the final judgment, and that the plaintiffs could have realized the greater part of their judgment out of personal property which remained subject to the levy. This offer was rejected on the ground that the lien of the execution was discharged, and that the property had passed to an assignee for the benefit of creditors, and afterward to an assignee in bankruptcy. This was an insufficient objection, and the learned court below was in error in rejecting the offer, and the judgment must therefore be reversed. The evidence offered was material because it might show that the sureties in the indemnity bond were released in whole or in part by the omission of the plaintiffs to seize and sell the remaining goods. We cannot pass upon that question any further at this time, because the evidence is not before us. It is enough to know that a total or partial discharge might be the result of the admission of the rejected testimony.

Judgment reversed, and venire de novo awarded.