# Lamorelle, Appellant, *v.* Nass.

*Bankruptcy—Federal bankrupt act—Attachment execution—Dissolving attachment.*

A garnishee in an attachment execution against whom a judgment has been entered has no standing after both the plaintiff and the defendant in the attachment have been adjudicated bankrupts, to move the court to dissolve the attachment, and strike off the judgment. Only the trustee in bankruptcy of the defendant can take such action.

Argued Oct. 17, 1905. Appeal, No. 22, Oct. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1903, No. 3,051, making absolute rule to strike off judgment in case of Joseph F. Lamorelle, trustee in bankruptcy of Gustav Berger, v. George Nass, Jr., Trustee in bankruptcy of Charles A. Auchter, trading as Charles Auchter Co., defendant, and the Bainbridge Street Methodist Episcopal Church. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to strike off judgment.

The opinion of the Superior Court states the case.

190, (1906).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court making absolute rule to strike off judgment.

*William C. Wilson,* for appellant.—The garnishee had no standing to have the judgment stricken off: Stephens v. Cowan, 6 Watts, 511; King v. Brooks, 72 Pa. 363; Pickersgill v. Myers, 99 Pa. 602; Lorenz v. Orlady, 87 Pa. 226; Neff v. Love, 2 Miles, 128; Pleasants v. Cowden, 7 W. & S. 379; Conrad v. Groff, 17 Lanc. L. Rev. 205.

*Alfred M. Mohr,* with him *Edgar J. Pershing,* for appellee. —The court has power to dissolve an attachment which is null and void under section 67 (*f*) of the national bankrupt act of 1898 and its supplements, upon the application of a garnishee, where there is no objection on the part of the defendant's trustee in bankruptcy, and it is unnecessary to preserve the lien for the benefit of the bankrupt estate: Peck Lumber Mfg. Co. v. Mitchell, 8 Pa. Dist. Rep. 203.

OPINION BY PORTER, J., March 12, 1906:

Gustav Berger, on July 23, 1903, issued an execution attachment upon a judgment previously obtained against Charles A. Auchter, summoning the Bainbridge Street Methodist Episcopal Church as garnishee, and the attachment was served on both garnishee and defendant on July 24, 1903. Judgment was, on September 28, 1903, entered against the garnishee upon its answer. The record stood in this condition until December 10, 1904, when a suggestion was filed of record that Gustav Berger, the plaintiff, had been adjudicated a bankrupt on October 29, 1903, and Joseph F. Lamorelle appointed trustee. On December 12, 1904, it was suggested of record that Charles A. Auchter, the defendant, had been adjudicated a bankrupt and George Nass, Jr., appointed as his trustee in bankruptcy. The garnishee, on December 13, 1904, presented a petition averring that at the time the attachment issued, Charles A. Auchter, the defendant, was insolvent, and that he was subsequently, on September 23, 1903, adjudicated a bankrupt; the petition admitted that the debt was still owing by the garnishee, but averred that it should be paid to George Nass, Jr., as trustee in bankruptcy of

Charles A. Auchter, and prayed that the attachment be dissolved and the judgment stricken off. The garnishee upon the presentation of this petition obtained a rule on Joseph F. Lamorelle, trustee in bankruptcy of Gustav Berger, and George Nass, Jr., trustee in bankruptcy of Charles A. Auchter, to show cause why the attachment against the garnishee should not be dissolved and the judgment set aside. The court subquently made absolute the rule to dissolve the attachment and strike off the judgment, and from that order we have this appeal. The fund in the hands of the garnishee became bound by the attachment on July 24, 1903, the date of the service of the writ. The record upon which the judgment upon the garnishee was based was in all respects regular, and the judgment had been entered over a year prior to the time when the application was made to strike it off. The only reason for striking off this judgment is supposed to be found in section 67 (*f*) of the national bankruptcy act of 1898 : " That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate ; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purpose of this section into effect."

This provision of the act was intended to preserve the estate of the bankrupt, and aid in its collection, for the purpose of distribution among his creditors ; and is not to be used by those who were indebted to the bankrupt as a device to avoid payment of their debt. The trustee of the bankrupt represents the estate and the creditors thereof, and it is for him to invoke the provisions of the statute. When a levy, judgment or attachment comes within the operation of this section of the act,

it is for the court in bankruptcy, which has the supervision and control of the estate, to determine " on due notice " whether the lien shall be preserved for the benefit of the estate or be stricken down. The assignees in bankruptcy representing, respectively, both the original plaintiff and defendant had become parties to this proceeding; they were in court. The garnishee admitted that the money was owing to one of them, and only averred that it should be paid to one and not the other. It was not for the garnishee to determine whether the interest of the estate of the bankrupt required that the lien of this attachment should be preserved. The interest of the garnishee would be made absolutely secure by paying the money into court, in this proceeding to which both bankrupt estates had voluntarily become parties, the respective assignees could then proceed to determine the ownership of the fund.

The judgment being regular upon its face, the assignee in bankruptcy of the defendant having made no effort to strike it down, and it being evident that the legal rights of the garnishee do not require that it should be set aside, we are of opinion that the learned court below fell into error in making absolute the rule to dissolve the attachment and set aside the judgment.

The order of the court below is reversed and the judgment is reinstated.