Opinion by
Beaver, J.,
To whom did the money attached in the hands of the garnishee, trustee for the creditors of the defendant’s bankrupt estate, belong? The answer to this question, if a definite answer can be given, will determine this case. This answer we think is found, in essence at least, in Lockwood v. Exchange Bank, 190 U. S. 294, in which Mr. Justice White, delivering the opinion, after reviewing the provisions of the bankrupt act of 1867, and the decision of the supreme court of the United States thereunder, and referring to the provisions of the act of 1898, says: “We think that the terms of the bankruptcy act of 1898, above set out, as clearly evidence the intention of Congress that the title to the property of a bankrupt generally exempted by state laws should remain in the bankrupt and not pass to his representative in bankruptcy, as did the provisions of the act of 1867 considered In re Bass. The fact that the act of 1898 Confers upon the court of bankruptcy *108 authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute, as in- ■ eluded in the assets of the estate, the very property which- the act in unambiguous language declares shall not pass from the bankrupt or become part of the bankruptcy assets. The two provisions of the statute must be construed together and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is besides shown by the context of the act, since throughout its text exempt property is contrasted with property not exempt, the latter alone constituting assets of the bankrupt estate subject to administration. The act of 1898, instead of manifesting the purpose of Congress to adopt a different rule from that which was applied, as we have seen with reference to the act of 1867, on the contrary exhibits the intention, to perpetuate the rule, since the provision of the statute to which we have referred in reason is consonant only with that hypothesis.”
Whilst this precise question was not before this court in the form in which it is presented here, the principle was, we think, determined in Sharp v. Woolslare, 25 Pa. Superior Ct. 251, in which it was determined that: “A federal trustee in bankruptcy is not entitled to the bankrupt’s exemption of $300, against a creditor who has attached the same by an attachment execution issued and served within four months prior to the bankruptcy, on a judgment waiving exemption.”
If the title to the bankrupt’s exemption does not pass to the trustee in bankruptcy but remains in the bankrupt and if for this reason, as is pointed out by Judge Morrison in Sharp v. Woolslare referred to, the trustee is not entitled to the $300 exemption which has been attached within four months preceding bankruptcy, on the ground that the trustee is not entitled thereto, it would seem to follow necessarily that the $300 exemption in 'the hands of the trustee in bankruptcy, although, as he declares in his answers to interrogatories, it is deposited to the credit of his account as trustee, does not belong to the creditors but is still the property of the bankrupt. *109 If this be so, and we think a consideration of the authorities referred to in the case last cited leads to such a conclusion, we are unable to see why the attachment execution attaching the money in the hands of the trustee in bankruptcy, as garnishee, upon a judgment in which the bankrupt waived the benefit of the exemption, is not good and, if so, why the entry of judgment in favor of the plaintiff, against the garnishee, upon his answers admitting that the money was in his hands allowed the defendant in lieu of his exemption but was deposited to his credit as trustee, was not proper and legal.
This position does not in any way conflict, if we understand the case, with In re Renda, 17 Am. B. R. 521. In that case the money was in the hands of the receiver. There was a dispute as to its distribution. It was, therefore, in custodia legis. There is, as we view it, a manifest distinction between a receiver in bankruptcy, who is the officer of the court, and a trustee of the creditors. In In re Renda it was said: “The bankrupt assented to the sale by the receiver by which the fund was produced, and the money being in the latter’s hands, the court has now to say how it is to be disposed of, necessarily passing upon conflicting claims. If the opposite course were pursued in the present instance, it would work manifest injustice. The bankrupt could put the money into his pocket and those in whose favor he has waived his right would be without redress.” So here, if this attachment were to be quashed, the money in the hands of the garnishee being the property of the bankrupt and not of the creditors, if it were paid over to the former, he could put it in his pocket and the plaintiff would be without redress.
There is no contesting creditor here, no conflicting claim. The money belongs to the bankrupt. Shall the fact that it is in the bank account of the trustee in bankruptcy and not in his individual account, defeat the attachment? We think not. Wherever deposited, the title to the money is in the bankrupt and, if it is, it is subject to attachment.
The order of the court below, entering judgment against the garnishee upon his answers to interrogatories, is affirmed and the appeal dismissed at the costs of the appellant.