Opinion by
Morrison, J.,
The plaintiff’s judgment was entered on a note, with warrant of attorney and waiver of exemption, dated August 29, 1906, and read, in part: “On demand, after date, for value received, I promise to pay the First National Bank of Sayre, or bearer, $6,377.24,” etc.
The judgment was confessed and entered on December 13, 1906, and a fi. fa. issued thereon, and a levy made on personal property on the same day. On December 15, 1906, defendant filed a voluntary petition in bankruptcy in the district court of the United States for the middle district of Pennsylvania, and he was duly adjudged a bankrupt thereon. On December 17, a restraining order was issued out of said district court, *595 énjoining the sheriff from proceeding on said fi. fa. Subsequently the property, levied on by the fi. fa., was claimed by the defendant, appraised and set apart to him under our exemption law. On March 12, 1907, an order from the said district court was filed modifying the former restraining order so as to exempt from its operation the property taken by the bankrupt under his exemption. On the same day, a writ of venditioni exponas, with clause of fi. fa., was issued on said judgment, and the same property, levied on the former fi. fa., was duly advertised for sale. No question is raised about the property advertised on the venditioni exponas being the same reserved by the bankrupt as his exemption, and we think it has been well settled that the title to said property remained in the bankrupt and never passed to his trustee in bankruptcy.
The assignment of error is: “The court erred in discharging the rule to show cause why the execution should not be set aside.” The first question argued by appellant’s counsel, is that judgment could not be entered on the note payable on demand, without a precedent demand or request for payment. This question has been so clearly decided by our Supreme Court that we cannot hope to make it plainer. The note' was due on delivery, and no precedent demand was necessary to a right of action or a right to confess and enter judgment thereon by virtue of the warrant therein. It is an unconditional agreement to pay a sum certain on demand; it evidences an existing indebtedness and the entry of judgment was a sufficient demand: Andress’s Appeal, 99 Pa. 421; Swearingen v. Sewickley Dairy Co., 198 Pa. 68; Cook v. Carpenter, 212 Pa. 165; Boustead v. Cuyler, 116 Pa. 551.
Where a contract or instrument provides for payment at a stated time after demand, or upon the future performance of a condition, or the happening of a contingency, the making of a demand is a necessary prerequisite to a right of action: Smith v. Bell, 107 Pa. 352; Eichman v. Hersker, 170 Pa. 402; Taylor’s Administrators v. Witman’s Administrators, 3 Grant, 138. There is no merit in the learned counsel’s first contention.
In our opinion, the second position is equally without merit. *596 In. In re Hill, 2 Am. Bank. Rep. 798, it is said: “Exempt property never becomes assets in the bankrupt court for administration. The title never passes. Only a qualified right of possession is in the trustee. As to property which is exempt, relating back to the adjudication, the title remains in the bankrupt and it is only to be set apart, and otherwise the trustee can exercise no right and owes no duty. It never comes into the court of bankruptcy.” To the same effect is McKenney v. Cheney, 11 Am. Bank. Rep. 54; see also Lockwood v. Exchange Bank, 190 U. S. 294. It has been several times held that a judgment creditor of a bankrupt who holds a waiver by him of the benefits of the state exemption laws, may have the sheriff levy upon and sell the exempt goods of the bankrupt at any time before his final discharge. Not as controlling authorities, but to show the trend of judicial opinion, we cite the following cases: Wagenseller v. Gemberling, 13 Pa. Dist. Reps. 716; Lafferty v. Patton, 14 Pa. Dist. Reps. 255.
In our opinion, the substantial question now under consideration'was decided by this court in Sharp v. Woolslare, 25 Pa. Superior Ct. 251, where we held that: “A federal trustee in bankruptcy is not entitled to the bankrupt’s exemption of $300,' against a creditor who ]jas attached the same by an attachment execution issued and served within four months prior to the bankruptcy, on a judgment waiving exemption.” Unless we recede from the position taken in that case, and attempt to explain and distinguish the authorities therein cited, it rules the present question. We have again reviewed the bankruptcy act of 1898 and the decisions thereon and see no reason for changing our views expressed in the above case. See Adair v. Decker, 34 Pa. Superior Ct. 153.
We do not understand the learned counsel to contend that the appellant’s exempt property might not have been seized and sold on a fi. fa., waiving exemption, issued after it .had been exempted and set apart, and after the grasp of the restraining order of the district court had been released. The contention is that the writ on which the property was advertised was without validity. The levy was made and indorsed on the fi. fa. on December 13,1906, but the sale could not be made on *597 this writ because of the restraining order of the district court. Then after the property so levied had been appraised and set apart to the defendant, the writ of venditioni exponas was issued March 12, 1907, and the exempted property advertised •for sale. If the title to the exempt property never passed to the trustee in bankruptcy, but remained in the appellant, it is difficult to see why it was not subject to the lien and levy of the fi. fa. If this is so, why did not the venditioni exponas, with clause of fi. fa., continue the lien upon the property and authorize its salQ? The lien of the levy during the pendency of the proceedings to appraise and set apart the property to the defendant, and of the restraining order, remained unaffected: Reid v. Lindsey, Sterrit & Co., 104 Pa. 156. This is so, although there was no stipulation in the order staying the ■ writ that its lien should remain: Reid v. Lindsey, Sterrit & Co., 104 Pa. 156.
In In re Jackson, 8 Am. Bank. Rep. 594 (district court for eastern district of Penna.), execution had been issued and levy made March 18, and March 27 a petition in bankruptcy was filed and a restraining order was issued forbidding further proceedings on the execution. McPherson, J., held: “After the property exempted has been separated and delivered, its subsequent fate does not concern us. If some one of the bankrupt’s creditors has already obtained, or should afterwards obtain, a lien upon it, it is not for this court to interfere with his right. ... I think the restraining order should be so modified as to permit the creditor to assert such right as he may have gained by his execution against such property as may be set aside to the bankrupt under his claim for exemption.”
Now, if this ruling is sound, subsection 67/ of the bankruptcy act should be construed to mean that all levies shall be deemed null and void, only, as to the property which passes to the trustee for the benefit of the creditors of the bankrupt, but remain valid for enforcement under the state laws as to the bankrupt’s exempted property. This construction seems to be in accordance with the real meaning of said section. No good reason is apparent for holding the judgment, execution *598 and levy, void as to the bankrupt’s exempted property. It does not seem that the district court has any control over it, except such as may be necessary to aid in having it appraised and set apart under the state laws. After such appraisal and setting apart, it is very clear that the execution issued like the one in the present case, is under the control of the state courts, and we cannot see that it is material whether such execution issued before or after the commencement of the proceedings in bankruptcy. We think it very clear that the language "estate of the bankrupt,” as used in the act of 1898, does not include the exempted property, but only such as passes to the trustee: Loveland on Bankruptcy (2d ed.), 85.
The same author (3d ed.), 543-544, says: "This provision (subsection 67/) does not avoid the levy and liens therein referred to against 'all the world, but only against the trustee in bankruptcy and those claiming under him, so that the property may pass to and be distributed by him among the creditors of the bankrupt.” See also Lamorelle v. Nass, 30 Pa. Superior Ct. 190.
It seems to us that the learned court below did not err in refusing to prevent the sheriff from proceeding with the sale of the appellant’s exempted property, on the venditioni ex-ponas, with clause of fi. fa., in accordance with the law and practice of Pennsylvania, and, therefore, the assignment of error is dismissed and the decree is affirmed.