## Greenfield, Appellant, *v.* Golder.

*Bankruptcy—Exemption—Waiver—Sheriff.*

Where a bankrupt's personalty has been appraised and set apart to him under the state exemption law, it may be seized on a levy under a judgment against the bankrupt containing a waiver of exemption, and for such levy, no action lies against the sheriff.

Argued Nov. 17, 1909. Appeal, No. 183, Oct. T., 1909, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1909, No. 10, on demurrer to statement of claim in case of Passmore Greenfield v. David M. Golder. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass against the sheriff for an alleged wrongful levy and sale. Before BUTLER, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining demurrer to statement of claim.

*J. Frank E. Hause,* with him *Elbert N. Pusey,* for appellant.—The very purpose of the restraining order was to strike down the illegal preference obtained by the execution and levy and when the order was made, it related not only

to the execution but also to the waiver of the exemption. With this order made, the sheriff's hands were tied, not only as to the property over and above that which might remain after the exemption was set apart, but also as to the exempt property: In re Bolinger, 6 Am. Bank Rep. 171; In re Jackson, 8 Am. Bank Rep. 594; In re Brumbaugh, 12 Am. Bank Rep. 204; Roden Grocery Co. v. Bacon, 13 Am. Bank Rep. 254; Lockwood v. Bank, 190 U. S. 294 (23 Sup. Ct. Repr. 751).

The bankruptcy court had complete jurisdiction in the premises and for the preservation of the bankrupt's estate, as it existed at the time of the adjudication, it had and it exercised its power to stay the hand of the creditor and of the sheriff in the attempt to collect the debt. When the decree prohibiting further process on the judgment was entered it was binding upon every one and for all purposes until modified or reversed: Wagner v. U. S., 4 Am. Bank Rep. 596; Kurtz v. R. R. Co., 187 Pa. 59; Bank v. Bartlett, 35 Pa. Superior Ct. 593.

*George B. Johnson,* for appellee, cited: Jackson's Case, 8 Am. B. R. 594; Collier on Bankcy., 3d ed., 82; Woodruff v. Cheeves, 5 Am. B. R. 296; Roden Grocery Co. v. Bacon, 13 Am. B. R. 254; Brumbaugh's Case, 12 Am. B. R. 204; Lockwood v. Exchange Bank, 190 U. S. 294 (23 Sup. Ct. Repr. 751).

OPINION BY MORRISON, J., April 18, 1910:

The appellant's counsel states the question involved as follows: "A fi. fa. was issued on a judgment containing a waiver of the exemption and personalty was levied upon. The defendant was subsequently adjudicated a bankrupt and an order was made by the bankruptcy court restraining the plaintiff in the execution and the sheriff from further proceeding on the writ and from collecting the judgment. In the bankruptcy proceedings the personalty levied upon was set aside under a claim for the exemption. Can the property thus set aside be sold on an alias writ on the same judgment while the restraining order is in force?"

The National Bank of West Grove held a judgment against Passmore Greenfield, containing a waiver of the exemption. A fi. fa. was issued on it on March 3, 1909, and personalty levied upon.    On March 9, 1909, Greenfield was adjudged a voluntary bankrupt, and on March 11, following, the district court of the United States for the eastern district of Pennsylvania, upon petition of the bankrupt, entered a decree restraining the bank and the sheriff from further proceeding against the personalty "upon their judgment obtained and upon the execution thereon," and the restraining order was duly served.    Later, upon Greenfield's application, the personalty thus levied upon was set aside under his claim for the exemption.

The fi. fa. above mentioned was abandoned and an alias writ was issued on April 22, 1909, levy was made by the sheriff on the exempted property and a sale followed with the restraining order neither discharged nor modified by any order of the bankruptcy court. The appellant brought an action against the sheriff in trespass to recover damages for this alleged illegal sale.    The defendant then filed a demurrer to the statement of claim and the court below sustained the demurrer and entered judgment for the defendant on the ground that the restraining order of the United States court had reference only to the property of the plaintiff as it stood in the custody of that court when the order issued.    We think the court below was clearly right.    It has been decided over and over again by the United States courts and by other courts, and by this one, that when the bankrupt's personalty has been appraised and set apart to him under the state exemption law the United States court has no further control over it and if any dispute arises as to such property, the adjudication in regard thereto must be by the state court.

In In re Jackson, 8 Am. Bank. Reps. 594 (district court for the eastern district of Penna.) execution had been issued and levy made March 18, and March 27, a petition in bankruptcy was filed and a restraining order was issued forbidding further proceedings on the execution.    McPHERSON, J., held: "After the property exempted has been separated and deliv-

ered, its subsequent fate does not concern us. If some one of the bankrupt's creditors has already obtained, or should afterwards obtain, a lien upon it, it is not for this court to interfere with his right. . . . I think the restraining order should be so modified as to permit the creditor to assert such right as he may have gained by his execution against such property as may be set aside to the bankrupt under his claim for exemption."

"Now if this ruling is sound, subsection 67f of the bankruptcy act should be construed to mean that all levies shall be deemed null and void, only, as to the property which passes to the trustee for the benefit of the creditors of the bankrupt, but remain valid for enforcement under the state laws as to the bankrupt's exempted property. This construction seems to be in accordance with the real meaning of said section. No good reason is apparent for holding the judgment, execution and levy, void as to the bankrupt's exempted property. It does not seem that the district court has any control over it, except such as may be necessary to aid in having it appraised and set apart under the state laws:" Bank v. Bartlett, 35 Pa. Superior Ct. 593.

It has been held many times that the property appraised and set apart to a bankrupt may be seized and sold on an execution issued on a judgment waiving exemption. This being so we cannot see how the plaintiff herein could maintain an action of trespass against the sheriff for obeying the commands of an execution issued on a judgment that waived exemption.

The United States court that issued the restraining order has never sought to enforce said order to protect the plaintiff's exempted property. When said property was appraised and set apart to the bankrupt (the plaintiff), that act took it effectually out of and from under said restraining order, and there was no necessity of having said order modified. If the plaintiff thought said order was in force, as to the exempted property, why did not he and his counsel try to get an attachment from the United States court against the sheriff for violating said order?

We think the following cases, and those cited therein, fully sustain the court below in holding that the plaintiff's action of trespass would not lie against the sheriff: Lockwood v. Bank, 190 U. S. 294; Sharp v. Woolslare, 25 Pa. Superior Ct. 251; Zumpfe v. Schultz, 35 Pa. Superior Ct. 106; Bank v. Bartlett, 35 Pa. Superior Ct. 593.

The assignments of error are all overruled and the judgment is affirmed.