## The Home Mutual Loan Association v. Goldstein et al.

Joseph Blank, for plaintiff; Frank A. Simons, for garnishee.

LEWIS, J., Aug. 4, 1930.—On July 30, 1929, Charles Lipzschutz was elected trustee in bankruptcy of the estate of Elias Goldstein, who, in filing his schedules, claimed as his exemption the sum of $300 in cash. Subsequently, three attachments sur judgment, only two of which need concern us here, were served upon the trustee. The first attachment, that of the Mercantile

Finance Co., Inc., was served on Aug. 30, 1929. The second, that of The Home Mutual Loan Association, was served on Sept. 16, 1929. In the interim, namely, Sept. 13, 1929, the trustee filed with the referee in bankruptcy his report, in which the $300 in cash was formally set aside, *inter alia*, to the bankrupt.

The second attaching creditor having taken a rule for judgment against the trustee, as garnishee, the first attaching creditor was, on petition, permitted to intervene as a party claimant.

It is contended that until the formal setting aside of the cash exemption on Sept. 13, 1929, the $300 was in *custodia legis*, and that the earlier attachment of Aug. 30, 1929, was, therefore, null and void. This contention raises two related questions:

1. In whom does title to exempt property reside pending proceedings in bankruptcy?

2. What is the legal status of a trustee in bankruptcy?

By the express provisions of the Federal Bankruptcy Act, title to exempt property remains in the bankrupt. "The trustee of the estate of a bankrupt . . . and his successor or successors . . .shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt: " Bankruptcy Act of July 1, 1898, § 70, 30 Stat. at L. 544.

The question was considered by the United States Supreme Court in Lockwood v. Exchange Bank, 190 U. S. 294. The language of the court, speaking through Mr. Justice White, is unequivocal: "The fact that the Act of 1898 confers upon the court of bankruptcy authority to control exempt property in order to set it aside, and thus exclude it from the assets of the bankrupt estate to be administered, affords no just ground for holding that the court of bankruptcy must administer and distribute as included in the assets of the estate the very property which the act, in unambiguous language, declares shall not pass from the bankrupt or become part of the bankruptcy assets. The two provisions must be construed together and both be given effect. Moreover, the want of power in the court of bankruptcy to administer exempt property is, besides, shown by the context of the act; since throughout its text exempt property is contrasted with property not exempt, the latter alone constituting assets of the bankrupt estate subject to administration."

In First National Bank v. Bartlett, 35 Pa. Superior Ct. 593, 596, the court incorporates in its opinion the language of In re Hill, 2 Am. Bank. Reps. 798: "Exempt property never becomes assets in the bankrupt court for administration. The title never passes. Only a qualified right of possession is in the trustee. As to property which is exempt, relating back to the adjudication, the title remains in the bankrupt and it is only to be set apart, and otherwise the trustee can exercise no right and owes no duty. It never comes into the court of bankruptcy."

If the exempt property "never comes into the court of bankruptcy," a bare "qualified right of possession" in a trustee, who is not an officer of the court but merely the nominee of the creditors, is obviously not *custodia legis*. The distinction between a receiver in bankruptcy and a trustee for creditors is sharply drawn in Zumpfe v. Schultz, 35 Pa. Superior Ct. 106, 109: "There is, as we view it, a manifest distinction between a receiver in bankruptcy, who is the officer of the court, and a trustee of the creditors." As to the exempt property, the trustee's only function is a ministerial one, *i. e.*, the protection of his principals, the creditors, against an unfair appraisal. In the instant case, the exemption having been claimed in cash, as permitted by the Act of

April 8, 1859, P. L. 425, no appraisal was required: See Larrison's Appeal, 36 Pa. 130. In any case, the formal setting aside is merely the assent of the creditors, through their nominee, to the exemption as claimed. In no case is there a possible revesting of title or release of the property from the custody of the court, because "it never comes into the court of bankruptcy."

The rule for judgment against the garnishee is, therefore, made absolute in favor of the claimant, Mercantile Finance Co., Inc., for the sum of $300, less $13.50, garnishee attorney's fee.