The Home Mutual Loan Association, Appellant, v. E. Goldstein et al.

Argued October 15, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Joseph Blank,* for appellant.

*Frank A. Simons,* for appellee.

OPINION BY GAWTHROP, J., December 27, 1930:

The material facts in this case are these: On July 30, 1929, Charles Lipschutz was elected trustee in bankruptcy of the Estate of Elias Goldstein, and immediately came into possession of funds theretofore held by the receiver, which included the $300 exemption which the bankrupt claimed "in cash" in his

schedules filed. On August 30, 1929, the Mercantile Finance Company, Inc., issued an attachment execution against Goldstein on a judgment entered on a note waiving exemption, and the trustee was summoned and served as garnishee. On September 16, 1929, the trustee was served with a second attachment sur judgment issued by the appellant, The Home Mutual Loan Association, against Goldstein and others, on a judgment note containing a waiver of exemption. In the interim, September 13, 1929, the trustee filed with the referee in bankruptcy his report, in which the $300 in cash was formally set aside to the bankrupt as his exemption. Appellant, the second attaching creditor, having taken a rule for judgment against the trustee as garnishee, the Mercantile Finance Company, Inc., the first attaching creditor was permitted to intervene as a party claimant. The court below discharged appellant's rule and entered judgment for the Mercantile Finance Company, Inc.

The single question presented to us is whether the $300, which the trustee held for the bankrupt as his exemption, could be attached before it was formally set aside by the trustee for the bankrupt. Appellant concedes, as indeed it must, that the $300 exemption in the hands of the trustee in bankruptcy does not belong to the creditors, but remains the property of the bankrupt. This has been decided over and over again by the United States courts and by this court. See Lockwood v. Exchange Bank, 190 U. S. 294; Zumpfe v. Schultz, 35 Pa. Superior Ct. 106, and First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593. Title to such property never passes to the trustee. His only duty as to it is to see that it is set apart to the bankrupt. It never comes into the court of bankruptcy. As stated in In Re Hill, 2 Am. Bank. Rep. 789, cited with approval in First National Bank

v. Bartlett, supra, the trustee has only a qualified right of possession in exempted property. It is earnestly contended in behalf of appellant that the $300 exemption in the hands of the trustee was exempt from attachment because it was in custodia legis until it was formally set aside to the bankrupt, and that this was not done until after the attachment of the Mercantile Finance Company, Inc., was served on the trustee. We cannot see that it is material whether such execution issued before or after the filing of the trustee's report. As the exemption was claimed in cash no appraisal was required (Larrison's Appeal, 36 Pa. 130), and no formal setting aside of the fund was necessary. The right and title of the bankrupt to $300 of the moneys in the hands of the trustee was as complete when the first attachment was issued as it would ever be. Therefore, we are unable to see why this attachment is not good. In our opinion this fund of $300 stood in precisely the same position as personalty which has been appraised and set apart to the bankrupt. The case is not distinguishable in principle from Zumpfe v. Schultz, supra, in which we sustained an attachment of $300 in money, which the trustee had on deposit as trustee of the bankrupt estate prior to the discharge of the bankrupt. The clear effect of that decision is that money in the hands of the trustee in bankruptcy, which represents the exemption to which the bankrupt is entitled, is subject to attachment under a judgment against the bankrupt containing a waiver of exemption. We agree with the court below that the possession of the exemption fund by the trustee did not amount to a custodia legis which rendered it immune from attachment. The case was rightly decided.

The judgment is affirmed.