## Ehrlich v. Cohen et al.  Cohen v. Cohen et al.

*Umsted & Wolfe,* for plaintiff Ehrlich.

*Jacob A. Kauffman,* for plaintiff Cohen.

No appearance for garnishee.

ALESSANDRONI, J., Dec. 1, 1930.—On May 8, 1930, George J. Cherry, garnishee, was appointed trustee in bankruptcy of the estate of David Cohen, trading as The Stag Shop, bankrupt. On the same day the plaintiff, Jacob Ehrlich, who held a judgment note with a waiver of exemption, issued an attachment sur judgment against the trustee as garnishee. On May 15, 1930, the plaintiff, Morris Cohen, holding a similar judgment note with waiver of exemption, also issued an attachment against the trustee as garnishee. The trustee did not file his bond until May 14, 1930. The bankrupt's exemption was set aside in cash, and was so stated in the trustee's report filed May 14, 1930. On June 4th the plaintiff, Morris Cohen, issued another attachment against the trustee as garnishee.

Both plaintiffs having taken a rule for judgment against the trustee as garnishee for $300, the amount of the exemption, and the position of the trustee being merely that of a stakeholder, counsel for the respective plaintiffs agreed to submit the matter to the decision of this court.

It is contended on behalf of Morris Cohen that George J. Cherry, trustee, was not in existence at the time the attachment was served against him, inasmuch as he had not properly qualified by filing his bond; and that a bankrupt's exemption is not attachable until his right to the exemption has become absolute.

Neither one of these contentions is tenable. It is insisted that the trustee had no rights in the bankrupt estate until he had filed his bond. It is true that trustees under the Bankruptcy Act must file a bond before entering upon the performance of their official duties. But this rule of the Bankruptcy Act does not mean that all the trustee's duties and rights accrue on the date that he qualifies by filing his bond. In this case, the appointment was made on May 8, 1930. The attachment on behalf of Jacob Ehrlich issued on that date. On May 14th the trustee qualified by filing his bond. It is firmly established that all of the rights, remedies and powers of a trustee are determined with reference to the conditions existing when the petition is filed. The property of the bankrupt vests in the trustee as of the date of adjudication, and is that which the bankrupt owned at the time the petition was filed. As is stated in Bailey v. Baker Ice Machine Co., 239 U. S. 268: "When not otherwise specially provided, the rights, remedies and powers of the trustee are determined with reference to the conditions existing when the petition is filed. It is then that the bankruptcy proceeding is initiated, that the hands of the bankrupt and of his creditors are stayed and that his estate passes actually or potentially into the control of the bankruptcy court. . . . 'We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed, and that the property which vests in the trustee at the time of adjudication is that which the bankrupt owned at the time of the filing of the petition.' Everett v. Judson, 228 U. S. 474, 479, and see Zavelo v. Reeves, 227 U. S. 625, 631."

As is stated in Black on Bankruptcy, page 440: "The title of the trustee takes effect from the date of adjudication of bankruptcy, and although a considerable time may perhaps elapse from that date to the date when the trustee is appointed and qualified, his title takes effect as of the earlier date by relation back."

The rights and powers of the trustee vested in him, therefore, as of the date of the adjudication, which, of course, was prior to May 8, 1930. Thus, under the established law, it must be conceded that, on May 8, 1930, the trustee's right of custody of the bankrupt's exemption existed and was perfected by the subsequent filing of the bond. "Exempt property never becomes assets in the bankrupt court for administration. The title never passes. Only a qualified right of possession is in the trustee. As to property which is exempt, relating back to the adjudication, the title remains in the bankrupt and it is only to be set apart, and otherwise the trustee can exercise no right and owes no duty. It never comes into the court of bankruptcy:" First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593.

The final question as to the status of the exemption before it is formally set aside has been recently passed upon in Home Mutual Loan Ass'n v. Goldstein, 14 D. & C. 168. A similar question was there raised and the court, in an opinion in which we heartily concur, stated that the exemption is subject to the attachment sur judgment while in the hands of the trustee before it is formally set aside, since it never passes from the bankrupt nor becomes part of the assets of the estate, and the trustee has only a qualified right of possession thereto. Counsel for Morris Cohen misconceives the status of the exempt property prior to its being set aside. It is not *in custodia legis,* but title rests

in the bankrupt with only a qualified right of possession in the trustee which is subject to attachment.

And now, to wit, Dec. 1, 1930, the rule for judgment against the garnishee is made absolute in favor of the plaintiff, Jacob Ehrlich, in the sum of $300, less $13.50 garnishee attorney's fee. Rule for judgment on behalf of Morris Cohen is discharged.