Capital City Junk Co., Appellant, v. Sitkin.

38

Argued March 14, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Wolfe Rosenberg,* for appellants.

*Harold W. Houck,* and with him *A. Reed Hayes,* for appellee.

Opinion by Stadtfeld, J., July 13, 1934:

The Citizens National Bank of Lewistown entered judgment on a note containing a waiver of exemption against J. Sitkin, trading as the Juniata Iron & Steel

Co., in the Court of Common Pleas of Mifflin County in the sum of $4,775, and caused a writ of fi fa to issue thereon on the 9th day of January, 1933. The sheriff, by virtue of said writ, made a levy on all of the personal property of the said J. Sitkin on said day and advertised the sale of the same for the 16th day of January, 1933.

On January 13, 1933, an involuntary petition in bankruptcy was filed against the said Sitkin and a restraining order was issued by the District Court of the United States for the Middle District of Pennsylvania restraining the plaintiff in the execution and the sheriff from proceeding with the said sale so advertised to be held.

The said Sitkin was adjudicated a bankrupt on the 16th day of February, 1933. Appraisers appointed appraised all the assets selected by said bankrupt in his schedules as his exemption, which property was under the levy of the writ of the Citizens National Bank, and the balance of the assets were included in a general appraisement. On April 5, 1933, the appraisement of the property claimed as exempt was confirmed absolutely.

On said April 5, 1933, the Capital City Junk Company entered a judgment on a note containing a waiver of exemption in the Court of Common Pleas of Mifflin County against said Sitkin for $1,000, and caused a writ of fi fa to be issued thereon with directions to the sheriff to levy on and sell said exempted property.

The sheriff advertised said exempted property, upon which he already had a levy by virtue of the writ of the Citizens National Bank, and sold the same on April 15, 1933, for the sum of $690. In his return to said two writs of fi fa he distributed the balance remaining, after the payment of the costs, to the fi fa issued on the judgment of the Citizens National Bank.

Exceptions were filed to the sheriff's return and the

order of distribution by the Capital City Junk Company, plaintiff in the second writ.

After argument the exceptions were overruled and dismissed in an opinion by UTTLEY, P. J., and the return and order of distribution confirmed absolutely. From that order this appeal was taken.

Appellant contends that the fi fa issued on the judgment of the Citizens National Bank lost the lien of its levy on the exempted property by virtue of the adjudication in bankruptcy of the defendant therein, and relies upon Section 67F of the Bankruptcy Act of 1898, which provides as follows: ''That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.''

This section must be read in the light of Section 70A of the same Act, which provides as follows: ''The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt.''

Section 67F has been construed by this court, in

numerous cases, to mean that all levies shall be deemed null and void only as to the property which passes to the trustee for the benefit of the creditors of the bankrupt, but remain valid for enforcement under the state laws as to the bankrupt's exempted property.

In Home Mutual Loan Association v. Goldstein, 100 Pa. Superior Ct. 231, this court said, in an opinion by GAWTHROP, J.: "...... that the $300 exemption in the hands of the trustee in bankruptcy does not belong to the creditors, but remains the property of the bankrupt. This has been decided over and over again by the United States courts and by this court. See Lockwood v. Exchange Bank, 190 United States 294; Zumpfe v. Schultz, 35 Pa. Superior Ct. 106, and First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593. Title to such property never passes to the trustee. His only duty as to it is to see that it is set apart to the bankrupt. It never comes into the court of bankruptcy. As stated in In Re Hill, 2 Am. Bank. Rep. 789, cited with approval in First National Bank v. Bartlett, supra, the trustee has only a qualified right of possession in exempted property. It is earnestly contended in behalf of appellant that the $300 exemption in the hands of the trustee was exempt from attachment because it was in custodia legis until it was formally set aside to the bankrupt, and that this was not done until after the attachment of the Mercantile Finance Company, Inc., was served on the trustee. We cannot see that it is material whether such execution issued before or after the filing of the trustee's report." See also Progressive Commercial Company v. Friedman and Balasny, 81 Pa. Superior Ct. 151, wherein the cases in this State as also in the United States Court are reviewed by HENDERSON, J., in an exhaustive opinion. It would serve no good purpose to discuss the cases, as the question attempted to be raised in this appeal is no longer an open one.

The case of Greenberger v. Schwartz, 261 Pa. 265, relied upon by appellant, did not involve the question of a lien on exempted property and is, therefore, not controlling. Likewise the case of Chicago, Burlington & Quincy R. R. Co. v. Hall, 229 U. S. 511. In the latter case, there had been no waiver of exemption as in the instant case. Mr. Justice LAMAR, speaking on behalf of the court, said, p. 516: "The section (67F) does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed, under the principle declared in Lockwood v. Exchange Bank, 190 U. S. 290."

The court did not err in dismissing exceptions to the return awarding the proceeds of sale to the writ of the Citizens National Bank.

The assignments of error are overruled and the appeal dismissed at the cost of appellants.