United States of America to Use, Appellant, *v.*
Cherry et al.

Argued October 9, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES. JJ.

*Joseph Gross,* and with him *Alexander M. Hauptman,* for appellant.

472

*Emil F. Goldhaber,* of *Aarons, Weinstein, Stone & Goldhaber,* for appellees.

OPINION BY BALDRIGE, J., December 18, 1934:

This is a suit by an attaching creditor of a bankrupt's exemption to recover from a surety company for the failure of the trustee in bankruptcy to pay the exemption.

On October 26, 1927, Louis Yusem was adjudged a bankrupt and on December 12th, George J. Cherry was appointed trustee of the bankrupt estate. Bond was thereupon filed in the sum of $4,000 with the Globe Indemnity Company as surety. On December 20, 1927, the plaintiff, a judgment creditor of Yusem, issued an attachment sur judgment out of the court of common pleas No. 3. On April 24, 1928, a petition was presented to quash this writ on the ground that at the time of the issuance thereof the bankrupt had not asked for his exemption, nor was it allowed until February 16, 1928. Judgment was not entered in that proceeding until May 27, 1929. In the meantime, the Progress Beneficial Loan Association attached the exemption in the hands of the trustee in an action instituted in the court of common pleas No. 5. On July 20, 1928, a rule was made absolute in favor of the second attaching creditor. The trustee appeared before Referee Douglass the latter part of July, 1928, at the audit of the bankrupt's account, and informed him of the two attachment proceedings and that judgment had been entered in the second proceeding. The referee thereupon ordered the payment of $300 in the trustee's hands to the second attaching creditor. Thereafter, on August 1, 1928, a check paying the amount of the exemption was drawn to the legal firm of Aarons, Weinstein & Stone, representing the trustee, and by them endorsed to H. T. Seaman, Esq., attorney for attaching creditor, signed by George J. Cherry, and countersigned by the referee.

The bond in suit recited the appointment of George J. Cherry as trustee in the case pending in bankruptcy in the District Court of the United States for the Eastern District of Pennsylvania, and provided that "if the said trustee as aforesaid, shall obey such orders as said court may make in relation to said trust, and shall faithfully and truly account for all moneys, assets, and effects of the estate of said bankrupt, which shall come into his hands and possession, and shall in all respects faithfully perform all his official duties as said trustee, then this obligation to be void, otherwise to remain in full force and virtue." Judge CRANE of the municipal court, sitting without a jury, held there could be no recovery. Hence this appeal.

The appellant earnestly argues, and cites a number of decisions, in support of the validity of the judgment obtained in the court of common pleas No. 3, and of the priority of its lien on the fund attached. We do not question the correctness of the action of that court in rendering judgment against the trustee, nor are we deciding whether or not George J. Cherry is liable under the judgment. Those matters are not before us for disposal. Under our decisions (First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593; Home Mut. L. Assn. v. Goldstein et al., 100 Pa. Superior Ct. 231), the exempted property never became assets for distribution in the bankruptcy court. The title never passed to the trustee he only has a qualified right of possession; the title always remained in the bankrupt. We do not give our stamp of approval, therefore, to the proposition that the second attaching creditor was entitled to the exemption fund.

The question that remains for our consideration is: Was there a breach of any of the conditions of the bond that would create a liability on the part of the defendant surety company? The referee in bankruptcy was the agent of the United States District Court and

it was the duty of Cherry to follow the instructions received from that official. If an error was made by that court, is the defendant liable? We think not. There is no proof that Cherry, the principal in the bond, disobeyed any orders of that court, acting through its official representative, the referee. To the contrary, the payment of the exemption fund was in compliance with the order of that court. The check was signed by the trustee and countersigned by the referee in accordance with the provisions of the general order of the Supreme Court No. 29. When that payment was made, the exemption fund was exhausted. If the trustee had failed to pay the money in his hands, as directed by the referee, or had been negligent, or guilty of misappropriating funds, or otherwise corrupt in the discharge of his duties, his surety would have been liable. U. S. ex rel. v. Perkins, 280 F. 546. There was no proof of any such offenses upon the part of Cherry. The trustee's duty was to account faithfully and truly for all moneys, assets and effects of the estate of the bankrupt coming into his hands. That is, he must obey the orders of, and honestly account to, the United States District Court. It was to that court he was answerable for his official conduct. There was no question raised that the trustee did not set apart the bankrupt's exemption, as required by the Federal Bankruptcy Act, nor was it shown that he failed to account for all the money he received, or to distribute it as directed. As a schedule creditor, the plaintiff had notice of the referee's meeting to audit the account and could have objected thereto. No objections were filed to the accounting of the trustee; at least none appears before us. The learned judge below properly found there was no proof before him that the trustee had not fulfilled the terms and provisions of the bond.

We find no merit to the assignments of error relat-

ing to the admission of the testimony of Mr. Gold-haber. In the new matter set up in the affidavit of defense, it was alleged that the moneys attached were paid out by the trustee in pursuance of an order entered upon him by Referee Douglass; that the trustee was not permitted to make disbursements without the express authorization of the referee; that after paying out the moneys that came into his possession, in accord with the order of the United States District Court, no moneys remained in his possession. When Mr. Gold-haber was on the stand, the attorney for appellant stated that he admitted the payment of the money, and, further, that he withdrew his answer denying the averments in the new matter set up in the affidavit of defense. After the testimony of Mr. Goldhaber was received, which supported the averments in the new matter, the attorney for the appellant made the following motion to strike out the testimony: "In the first place because it is not relevant; secondly, because all the testimony given is res adjudicata under the pleadings in this case, and thirdly, a large part of it is not his knowledge because he does not know whether the trustee did or did not act in good faith." In view of his former attitude, and the grounds of the exception, we find no merit to the assignments of error covering the admission of this testimony.

Judgment of the lower court is affirmed.